Tilghman C. J.
This case arises on the «. Act securing : “ to mechanics and others payment for their labour and ma- “ terials, in erecting any house or other building within the “ city and county of Philadelphia.” The facts reported to the Court are, that John Mullo-wny commenced the building of a house and sold it before it was finished to John Print gle, who went on with the building after his purchase. Mulloxvny conveyed the house to Pringle on the 15th November, 1813, and on the same day took a mortgage, as security for the purchase money, which was immediately recorded. The question is, whether this mortgage shall be preferred to the debts of the workmen and persons who furnished materials for going on with the building, after the recording of the mortgage. The act of assembly gives a lien to the workmen and persons who furnished materials, to be preferred to any other liem -which originated subsequent to the commencement of the house or other building.
The case falls clearly within the words of the law, because the mortgage was subsequent to the commencement of the building. But it is contended, on the part of the plaintiffs, assignees of the mortgage, that it is not within the spirit of the law, because the debts of those persons who now claim a preference, were contracted after the mortgage was upon record. They suppose, that there is a great difference between ak house begun and finished by the same person, and begun by one person and finished by another. To be sure, if the house had been begun and finished by the same person, there could have been no question; but I do not see why the workmen, &c. should lose their lien, because it was finished by a different person from him who began it. The house is what they look to for their security, and the law tells them *139 that no other lien originating after the commencement of the house, shall come in competition with them. All that these workmen have to do then, is to search the records for liens existing before the commencement of the' house. They are not obliged to go further, and therefore a mortgage recorded afterwards, is no legal notice to them. Every man is supposed to know the law, and when Mulloruny took his mortgage, he ought to have known, that the house could not be finished without being subject to liens which would take the place of the mortgage. The law does not require a mortgage to be recorded in less than six months from its date, so that if mortgages made after the commencement of a house, are to be preferred, they might be recorded at any time less than six months from their date, and thus by relation to the date, over-reach persons who had worked and,furnished materials for the house without a possibility of actual notice. Extreme cases may be put which are not within the meaning of the law. Houses are sometimes finished sufficiently for particular purposes, such as ware-houses or stores, but not for dwelling-houses, and they may remain in this situation for years, and then be completely finished. In such cases the completion of the work might fairly be considered as a nexo building, and ought not to be connected with the first part of the building, so as to give a lien from the original commencement. But the present is not such a case, and therefore the reasoning does not apply. The debts both of the mortgagee and the workmen,-have been fairly contracted, and the question is, who shall lose ? If the workmen are not bound to search for incumbrances lower than the commencement of the building, which I take to be the law, they are in no fault, and therefore ought not to be deprived of the benefit of their lien. On the other hand, Mulloxvny was negligent, who knowing that the house could not be finished without contracting, debts, which by relation, would bind the property from the commencement of the building, trusted to a subsequent mortgage as his security. I am of opinion, therefore, that the report should be confirmed, by which the plaintiffs, assignees of the mortgage, are postponed to the other creditors.
Yeates J.
Under the act of the 17th March, 1806, all buildings thereafter erected within the city and county of Philadelphia, shall be subject to the payment of the decbts con *140 tracted for, or by reason of any work done, or materials found and provided, by any brick-maker, &c. before any other lien ■which originated, subsequent to the commencement of the said building. The report of the commissioner here, is grounded on the literal expressions of the law, but does not in my idea accord with the true meaning and spirit of it. The building was begun prior to the execution of the mortgage ; but could the legislature have intended to put work done and materials provided by the purchaser of a house, on a footing of equality with other work and materials performed and furnished before the' sale ? Would not this be doing gross injustice to the prior class of creditors ?
The commissioner finds that all the liens known to him and reported upon, were for work done and materials furnished to the house, at the instance of Pringle, after his purchase, and after his mortgage was executed to John Mullowny, which was entered of record on the day of its execution. It therefore necessarily follows, that when Mullowny sold the house in an unfinished state to Pringle, on the ISth November, 1813, and took a mortgage on the same day to secure the consideration money, it w.as wholly unincumbered by liens, and no creditors existed who had claims for work or materials__ Workmen or material men, who became creditors after the sale to Pringle, had constructive notice of the mortgage, which is equivalent to actual notice. The contracts of the purchaser could not affect the operation of a fair and honest mortgage. As between the mortgagor and mortgagee, the liens must attach subsequently to the mortgage, and the creditors under such contracts, must be supposed to have trusted either to the value of the premises after the mortgage was satisfied, or to the personal credit of the then owners.
I do not dread the imputation of inconsistency, when I assert, that the completion of the house, by the defendant, after .his purchase, was the commencement of his building. I cannot conceive, that such acts of the mortgagor can in any degree impair the security he had before given to the vendor on his sale.
I am of opinion, that the report should be set aside so far as the exception goes, and that the plaintiffs be permitted to take out of Court the balance of the mortgage unpaid.
Brackenridge J. concurred with the Chief-Justice.
Report confirmed.