The opinion of the Court was delivered by
Duncan J.
The only question the Court are now called on to decide, is whether the taking a judgment bond and entering a judgment on it, by a mechanic for materials and labour, in erecting a house in this city, is an action for the recovery of the debt or a claim filed', so as to preserve the lien on the building. It is not required, to give an opinion, whether the taking a bond with warrant of attorney, and judgment confessed on it, extinguishes the lien, — a matter which, when it comes in judgment before the Court, will require very grave consideration.
' In questions of personal property, possession and enjoyment, are indicia of the right, and liens on personal property are lost by parting with the possession. So possession of real estate may be sufficient to put a party on his inquiry. The term lien, as it respects real estate, is technical. It signifies a charge on lands, running with them, and incumbering them in every change of' ownership. Public convenience, where alienations are so frequent as they are with us, would require some notice in some public office, within a reasonable time after the creation of the lien, to which those who give credit or become purchasers, may have access and the means of information afforded.
Consistent with this policy, the Legislature, when they gave the mechanic and material man this lien, guarded it against the mischief of secrecy, by providing, that it should not continue longer than two years from the commencement of the building, unless an action for the recovery of the debt, was instituted, or a claim filed within six months after performing the work or furnishing the materials, in the office of the-prothonotary of the county.
*60 On the 15th of February, 1814, the mortgage was executed, and on the 1st February, 1818, was assigned to A. M,. Esler. She then became the legal owner of the premises, the purchaser, so far as the amount of the mortgage, for a valuable consideration, without notice or the means of notice, —for the confession of a judgment on a warrant of attorney, on a bond with* penalty, though it gave her notice of a judgment, yet gave her notice of a judgment and lien subsequent to that which she was about to acquire by assignment. There is then no equity in favour of the judgment creditor, — no inequity or bad faith, laches or negligence in the assignee, to postpone her if she has the law with her. Purchasers without notice, are highly favoured. Equity never interposes unless for their protection. Equity never strips them of their legal rights. An action of debt on bond, is not an action instituted for the recovery of the price of labour or materials, nor is it a claim filed for them. A judgment confessed on a bond with warrant of attorney, is not an action instituted either in legal phrase, or common acceptation, or a claim filed for the recovery of the price of labour and materials. Enrolment of a deed not proved nor acknowledged according to law, is not notice.
This species of lien is novel. It may tend to improve and embellish the city, and may be a just security and protection to the mechanic and material man, but it is not to succeed or prevail, when the law conferring it has been disregarded, not in a formal or mere ceremonial matter, but in substance, • — for the requisite of instituting an action or filing a claim within the time prescribed, is as much a matter of importance, as the recording of a mortgage ; and the Legislature have prescribed the mode and time in which notice shall be given. Courts of justice cannot dispense with it, and substitute something else as an equivalent. But here the judgment could be no equivalent. ' It gives no notice. If this were considered notice within the meaning of the proviso, the provision which was introduced for the sole purpose of giving notice, would be delusive and nugatory, and worse than that, for it would lead a purchaser or judgment creditor into error, who confiding in his searches for actions for the recovery of the price of labour and materials, or for claims filed, and finding none such, parts with his money.
The Court unhesitatingly decide, that this entry of judg *61 ment on a judgment bond, was not the institution of an action, or filing a claim, within six months after performing the work, within either the letter or spirit of the Act. Con- . .1 . ... . sequently, the assignee of A. Napier is not entitled to the balance stated to be in .Court.