The opinion of the court was delivered by
Gibson, J.
This writ of error has been taken without adverting to the fact, that costs and fees are altogether different in their nature. Costs are an allowance to & party, for expenses incurred in conducting his suit: fees are a compensation to an officer, for services rendered in the progress of the cause. It may well be, therefore, that a defendant shall not recover costs out of the pocket of an executor or administrator, and yet an officer who has performed services at the instance of such executor or administrator, have a personal demand against him for his fees. As between a party and the officer, charges for services rendered, are costs: as between the parties to the cause, being in contemplation of law, charges actually paid by the successful party, or at least such as have created a responsibility to the officer, they are costs. Originally, I apprehend, fees were in strictness demandable the instant at which the services were rendered; but an uninterrupted course of indulgence, at length ripened into a custom, which has received the sanction of judicial decision, (Lyon v. M‘Manus, 4 Binn. 169.) that the party for whose benefit they were rendered, should not be called on till after the determination of the cause; when to avoid the vexation of an original suit for a trifling demand, it became a practice to include them in the execution as if they were a part of the successful party’s costs. But they were in truth not so, as they might be recovered by the officer in a suit in his own name. In the identity of the usual mode of collection alone, is there the least resemblance between costs and fees. But so far has this modo of collection prevailed, that the officer is permitted, as in this case, to collect his fees by an execution in the original cause, where the successful party has nothing to receive. The system of indulgence spoken of, although it has extended the time of payment, and in most cases changed the remedy, has in no other respect affected the right of the officer to proceed against the person of the party who employed him, which remains the same as it was when he could call on him immediately after having performed the services. It is perceived at once, therefore,that the question whether an executor or administrator is bound to pay fees out of his own pocket, to an officer employed by himself, is very different from the question, whether he is bound to refund to his successful antagonist, his costs and charges laid out and expended about the suit. But there was *249 included in this execution the sum of three dollars and fifty cents, charged as the defendant’s counsel fee, which strictly belongs to the defendant as costs; it being in contemplation of law, an allowance for so much advanced by him to employ counsel: and this renders it necessary to decide what véry strangely appears never to have been settled, either by decision or practice, from the settlement of the province to this day — whether the law of England, as respects the privilege of executors to be exempt from the payment of costs in certain cases, be the law of Pennsylvania, In the case before us, the cause was ended by what is in form a judgment of non pros, but which no doubt was entered by the plaintiffs themselves, as there was no such rule laid, nor any thing to warrant it, as the act of the court; and it ought in fairness therefore to be considered as a discontinuance, as it was substantially intended to be. The principle involved in the cause was decided against the plaintiffs in Seidenbender v. Charles, and this no doubt induced them to take this mode of putting an end to the suit. Now, although by the English law, an executor is liable for costs where he has suffered a non pros, the rule is different where he has entered a discontinuance; and this brings the inquiry to the broad question, whether, in Pennsylvania, he be not liable in every event. The common law of England, in every particular, in which it is adapted to the habits and circumstances of the people, and is not inconsistent with the political institutions of the cpuntry, is the common law of this state; unless where it has been altered by act of assembly, by judicial decision, or usage so notorious and general, as to enable the judges to take notice of it, without pleading or evidence. The same may be said with regard to the construction of those statutes which are held to be in force here. Now, on this subject, there has been neither act of assembly, judicial decision, nor usage; and there is nothing in the circumstances or institutions of the country, which requires a difference. Some of the English judges have thought this privilege of an executor to be an unreasonable advantage, and in the abstract it may be so. But on grounds of policy, it will be found to be a wise regulation, and one'that is absolutely necessary for the protection of creditors, and all others who are interested in the decedent’s estate. What executor, who had not sufficient in his hands to indemnify him for his eventual liability for costs, would pursue a doubtful claim, if the experiment were to be made at his own risque? It is true he is bound at his peril to bring suit for all duties owing to the estate of the decedent, except perhaps such as are altogether desperate; but that on the other hand would subject him to extraordinary hardship. To creditors, legatees, or*distributees, he would be answerable, if he refused to sue for a demand merely of doubtful validity; and to the defendant, he would be mulcted in costs if he did sue and failed. It might be a question, under such circumstances, whether there would not be more hard *250 ship in compelling him to pay, than in refusing to permit the defendant to receive. To me it seems there is more equality and consequently more equity in leaving each party to pay his own costs; and this is exactly the rule of the English law. At common law there were no costs expressly by name, but the plaintiff, where he failed, was punished in amercement pro falso clamore, and the defendant, where the judgment was against him, in miserecordia cum expensis litis, for his unjust detention of the plaintiffs’ right: and this was the foundation of the statutes which afterwards gave costs by name: so that costs in their-origin were rather a punishment of the party paying, than a recompense to the party receiving them. It would therefore seem an equitable arid just construction of those statutes, not to impose costs on an executor, except where some fault is personally imputable to him. But whether the rule be just or unjust, it is established as apart of the English law which our ancestors brought with them, and we are bound by it. It is admitted in this case, that the administrators have no assets to answer this execution; and as the attorney’s fee, which is properly part of. the defendant’s costs is included in it, it must be set aside.
Execution reversed.