The opinion of the court was delivered by
Tilghman, C. J.
By the act of assembly of the 17th of March, 1806, a mechanic has a lien, in preference to any other lien which originated subsequent to the commencement of the house, — but it is expressly provided, that the lien shall not continue longer than two yeai’s from the commencement of the building, unless an action for the recoveiy of the debt be instituted, or the claim filed, 1within six months after finishing the work, in the office of the protbonotary. In the present instance the plaintiffs did not file their claim within six months after the finishing of their work, so that if the law is taken according to its letter, their lien is gone. Two points have been made, — 1st. That the plaintiffs are entitled to the benefit of the law, because although the two yeai’s from the commencement of the house had expired before it was sold by virtue of the execution, yet Hopkins having employed the plaintiffs to work on the house, after he purchased it, their work is to be considered within the spirit of the law, as a new commencement from which the two years were to be counted, and on that construction the lien was in force when the house was sold under the execution. On this point I cannot agree with the counsel for the plaintiffs. The act of assembly gives continuance to the lien only for two years from the commencement of the building, and the sale to Hopkins between the commencement and the finishing, makes no difference. If the plaintiffs had done the work of painting and glazing, subsequent to the entering of the plaintiffs’ judgment, and filed their claim within six months, they would have overreached the judgment by relation to the commencement of the building. This was decided iri the case of the American Fire Insurance Company v. Pringle, 2 Serg. & Rawle, 138. It was said indeed by the court in that case, that there might be cases, in which the beginning of the two years might not be confined to the actual commencement of the building. Suppose for instance, a *277 warehouse should be originally built and finished, and after remaining some time in this situation, it should be converted into a dwelling-house — there the new work might be considered as a new buildin'g. But there was nothing like that in the case before us. The building was originally designed for a dwelling-house, and the design carried into execution, by finishing the house in a reasonable time. There is no ground therefore, for an argument that the'two years should begin to run from any other time than the actual commencement of the building.
2d. But the plaintiffs contend, that their lien was kept in life, by the s'cire facias which they issued, and the judgment which they obtained on it, within two years from the commencement of the building. And here again I differ from them. They suppose that their lien was strengthened by the filing of their claim, — and therein lies the fallacy of their argument. For the claim not being filed within six months after performing their work, it acquired no validity from the act of filing. If the law had been complied with, by filing the claim within six month, or if an action had been commenced within six months, in either case the plaintiff would have acquired an indefinite lien. Or if they had brought suit for their debt any time after the work was done, without filing any claim, and obtained judgment and execution, and had the house sold, within two years from the' commencement of the building, they would have had a preference, because their lien would have been still in force. The act of assembly prescribes a plain path for securing a lien, and if this is not pursued, there is no cause of complaint should the lien be lost. The court should be careful how it extends their time beyond the plain words of the act of assembly; because, although it is very desirable that mechanics should be secured in the payment of their well earned wages, yet it cannot be denied, that the liens are attended with great inconvenience and hazard to bona fide purchasers. And these hazards often stand in the way of a good sale of the house after it is finished, and thus operate to the injury of those very mechanics whom it was the object of the law to protect. It is best therefore to construe the law, in such a manner, that men of plain common sense may understand it; and not involve it in difficulty, by departing too much from its letter. A point very much resembling, in principle, that which is now to be decided, came before the District Court of Philadelphia, in the case of Cornelius v. Upton, 2 Browne, 229. A person claiming as a liep creditor, had filed no claim, nor commenced any suit within six months from the time of performing the work, but instituted a suit and obtained a judgment within two years from the commencement of the building. The building and lot were sold, after the expiration of the two years, and it was held by Judge Hemphill, that the creditor who had thus proceeded, gained no preference over the general judgment creditors. I mention this, as the opinion of a very respectable judge, though no au *278 thority binding us. An attempt was made to extend the words of the act of assembly, by an equitable construction, in the case of Williams v. Fearney, in this court, (8 Serg. & Rawle, 58.) There the creditor claiming a lien, filed, no claim, but having obtained a bond and warrant of attorney to confess judgment for the amount of his claim, he entered judgment within two years from the commencement of the building. The property was afterwards sold, in consequence of a mortgage given after the commencement of the building, — but the two years from the commencement having expired, before the sale, it was held that the lien of the mechanic was gone, and the mortgagee took all the money.
I am of opinion, that the plaintiffs having neglected to file their claim, or institute an action, within six months from the time their work was performed, their lien was gone at the expiration of two years from the commencement of the building. The judgment of the Court of Common Pleas is therefore to be affirmed.
Judgment affirmed.