[CHAMBERSBURG, OCTOBER, 20, 1828.]

## WERTH *against* WERTH.

### APPEAL.

On a sale of a building by virtue of a judgment and execution, mechanics' liens on the property are to be paid out of the purchase money.
The Court of Common Pleas have a right to appoint a commissioner to ascertain disputed liens, &c.

APPEAL from the decision of the Court of Common Pleas of *Cumberland* county.

*Penrose,* for the appellant.
*Watts, contra.*

The opinion of the court was delivered by

SMITH, J.—The plaintiff, *Adam Werth,* has appealed to this court, under the third section of the act of assembly of the 16th of

*(Werth v. Werth.)*

*April,* 1827, from the decision of the Court of Common Pleas of *Cumberland* county.

The following are the material facts of the case:—On, or about the 6th of *November,* 1824, *Joseph Werth,* the defendant, commenced the building of a stone barn on his plantation, situate in *Frankford* township, in the said county of *Cumberland.* On the 2d of *April,* 1825, *Henry Kline* and *Leonard Boyer* filed, in the proper office, their respective claims, under the act of assembly of the 17th of *March,* 1806, against *Joseph Werth,* for mason work done by them for *Joseph Werth,* on the 16th of *November,* 1824, at the said stone barn, in the township and county aforesaid, amounting together to eighty-five dollars and twenty-five cents. On the 2d day of *April,* 1825, *Joseph Diehl,* filed his claim, for carpenter work, done to the same barn, on the 23d of *December,* 1824, for twenty-three dollars and fifty cents. On the 25th of *March,* 1825, *Adam Werth,* the appellant, obtained a judgment in the Court of Common Pleas of *Cumberland* county, for one thousand four hundred and forty-two dollars and thirty-two cents, against *Joseph Werth.* The plantation of *Joseph Werth, including the aforesaid barn,* was afterwards levied on, by virtue of a *Fieri Facias,* which was issued on a judgment obtained by *Abraham Wagner* against *Joseph Werth,* on the 23d of *March,* 1825, for one thousand four hundred and fifty dollars; and sold on the 19th of *August,* 1827, to the said *Abraham Wagner,* for one thousand seven hundred and thirty-two dollars, under a *Venditioni Exponas,* by the sheriff of the said county. It is admitted, the money raised by the sale, is insufficient to pay all the judgments, and the above stated mechanics' liens. The Court of Common Pleas decided, that the lien was to be confined to the building erected and the land covered by it, with all the necessary means of enjoying it, in the usual way, and that the liens were first to be paid, and the residue of the purchase money applied to the judgments, according to their priority; and appointed the prothonotary a commissioner to report the liens, and the proportionate value of the building, in reference to the whole tract, and that the said value should be paid to the liens *pro rata,* and the residue to the judgments. It is now alleged, that the court below erred, in directing the mechanics' liens to be paid out of the proceeds of the sale of the real estate of the defendant, and also in appointing a commissioner to ascertain the value of the barn, on which they were a lien. A question was raised below, as to the time from which a mechanic's lien should take effect; but this was properly abandoned on the argument, by the counsel for the appellant, as it has been settled, by repeated decisions, that the liens of mechanics, and persons who furnish materials, take effect from the commencement of the building, and are to be preferred to any other liens which originate subsequently thereto. 2 *Serg. & Rawle,* 138, and 170. 13 *Serg. & Rawle,* 269.

One question discussed here is, whether the mechanics' liens on

(Werth *v.* Werth.)

the barn, being on part of the land sold at the sheriff's sale, are to be apportioned and taken out of the purchase money; or, whether the purchaser takes the property subject to such liens? In this case, the whole farm, with the barn, was sold by an execution, and it is ascertained, that the proceeds are insufficent to pay the judgments, and specific liens; but the proceeds will pay the liens, if the judgments be excluded. I know, it has been the practice in this state, for sheriffs to sell lands, on executions, for their full value, and to apply the proceeds of sale to the discharge of the judgments and liens, according to their priority. And I cannot see any good reason, why the proceeds of this sale should not be applied in the same way. Indeed, I consider the law, as it respects sales made by sheriffs *as* settled; for the Supreme Court has said, that the liens of judgments, and even legacies charged on lands, are devested on such sales; that the judgment creditors and legatees must look to the sheriff, as the purchaser is not bound to see to the application of the purchase money. These principles, if not directly decided, were at least, recognised in 6 *Binn.* 393, and in 3 *Binn.* 343; also, in a case decided by this court at *Chambersburg*, not reported, and in a later case, decided at *Lancaster*, at *May* Term, 1828, *Glass's Heirs* v. *Gilmore.*\* In the present case, I must confess, I cannot see what possible inconvenience can result from applying the proceeds of the sale in the mode directed by the Court of Common Pleas. The creditors will thereby receive their money, according to legal priority. "Judicial sales," as was well observed by Justice Rogers, in *Glass's Heirs* v. *Gilmore,* "will be more easily and advantageously effected, when it is understood, that the property is freed from liens in the hands of purchasers, and when they are not bound to look to the application of the proceeds of sale." In this part of the opinion of the court, there is then no error.

Another error assigned is, that the court below erred in appointing a commissioner to ascertain the value of the barn, &c. We cannot think so. It is observed, that the Court of Common Pleas tendered an issue to the party, to ascertain the value, before they appointed a commissioner. This offer of the court, the appellant did not think proper to accept; and I cannot see what else, under such circumstances, the court could do. In truth, so far from committing an error, the court did exactly what was done, as I apprehend, by this court, in *Hinchman* v. *Graham*, 2 *Serg. & Rawle,* 170, where an execution was levied on an unfinished house of the defendant, and the money arising from the sale of it being brought into court, a commissioner was appointed to examine into, and report the liens. Here, then, we have furnished a precedent at least, which sanctions the proceedings of the Court of Common Pleas in this case. I am, therefore, of opinion, that there is no error in this judgment, and that it should be affirmed.    Judgment affirmed.

---

\* See 17 *Serg. & Rawle*, 276.