## MUNTORF and another *against* MUNTORF.

#### IN ERROR.

In *Pennsylvania,* an executor plaintiff is bound to pay costs to the defendant in case of nonsuit, or verdict for the defendant, as well where he necessarily sues in his representative character, as where the cause of action arises after the death of the testator.

But costs accrued since the testator's death, are not a lien on his lands as against a purchaser.

ERROR to the Court of Common Pleas of *Adams* county.

*Stevens,* for the plaintiff in error.
*Carothers, contra.*

The opinion of the court was delivered by

ROGERS, J.—Entertaining the opinion we do, it will be unnecessary to consider all the points which have been pressed upon us in the arguments of the counsel. This was an action of ejectment, to recover a tract of land of one hundred and eleven acres and twenty-two perches, in the possession of the defendant. The property in question, was part of the estate of *John Muntorf,* the elder, and as such, descended to his heirs; and was taken at the appraisement by *John Muntorf,* who entered into a recognisance on the 17th of *January,* 1823, to pay to the respective heirs their shares of the appraised value. On the same day, *John Muntorf* assigned the property to *Elizabeth* and *Catharine Muntorf,* at an advanced price of one hundred and twenty-one dollars. Their agreement was duly proved the 6th of *October,* 1825, and recorded the 2d of *November,* 1825. Some part, although not all the purchase money has been paid, and they are now in possession, and have been since the purchase. It appeared in evidence, that to *April* Term, 1821, *John Weiman,* Esq. and *Herman Weiman,* administrators of *John Muntorf,* deceased, brought an action of debt on a book account, against *Henry Muntorf.* The cause was arbitrated, and the arbitrators reported, no cause of action, and that the plaintiffs pay all costs of suit. The plaintiffs appealed, and on the 13th of *November,* 1823, a verdict was rendered for the defendant. A *Fieri Facias* was issued for costs to *January* Term, 1824. There was a levy and condemnation of the land, and *John Muntorf* became the purchaser at the sale by the sheriff, and on the 3d of *August,* 1826, a deed for the premises was acknowledged in open court to *John Muntorf,* who, by deed, on the 3d of *November,* 1826, conveyed the property to *Henry Muntorf.* This ejectment is brought by *Henry Muntorf,* to recover the possession from *Elizabeth* and

(Muntorf and another *v.* Muntorf.)

*John Muntorf,* tenants in possession. These are all the facts which are material to the point on which this cause turns.

By the statute, 23 *Hen.* 8. *ch.* 15, which has been extended to Pennsylvania, it was enacted, that in trespass upon the statute 5 *Richard,* 11, debt, covenant, detinue, account, trespass on the case, or upon any statute for an offence, or wrong personal, immediately supposed to be done to the plaintiff, if the plaintiff, after the appearance of the defendant, be nonsuited, or a verdict pass against him, the defendant shall have judgment to recover his costs against the plaintiff, to be assessed and taxed by the discretion of the judge or judges of the court, where such action shall be commenced or sued; and shall have such process and execution for the recovery of the same against the plaintiff, as the plaintiff should or might have had against the defendant, in case judgment had been given for the plaintiff.

This statute, although extended to this state, has received a different construction from that given in *England.* In the latter country, although executors and administrators are not particularly excepted out of the statute 23 *Hen.* 8, *ch.* 15, yet, as that statute only relates to contracts (as is there said,) made with, or wrongs done to the plaintiff, it has been uniformly holden, that they are not liable for costs, upon a nonsuit or verdict, where they necessarily sue in their representative characters; as, upon a contract entered into with the testator or intestate, or for a wrong done in his life time. But where the cause of action arises after the death of the testator or intestate, and the plaintiff may sue thereon in his own right, he shall not be excused from the payment of costs, though he bring the action as executor or administrator; as, upon a contract, express or implied, or in trover, for a conversion after the death of the testator or intestate. Vide 2 *Tidd,* 892, 893. 2 *Bac. Ab.* 46, 47. 3 *Com. Dig.* 241. 1 *Salk.* 207. *Sager on Costs,* 94.

Although this be the undoubted law in *England,* yet the construction has been uniformly held to be otherwise in *Pennsylvania,* and for a superior reason. There is an obvious justice, that a man against whom a vexatious suit has been brought, should recover his costs, and it is nothing to him on whom the costs fall, whether on the estate, or the executor personally. In all cases, the defendant recovers costs as well against executors who necessarily sue in their representative character, as when the cause of action arises after the death of the testator or intestate. The same principle extends to trustees for insolvents: the fund that is to be benefited by the recovery, bears the costs in case of failure. If the executor or administrator abuses his trust, there is full power lodged in the Orphans' Court to correct the abuse. In such case the claim of costs *is* stricken out of the administration account, and made to fall, *as is* just, on the administrator, or executor, personally. The distinction which prevails in *England,* has not obtained in this state; and I have no doubt, there are some titles held under the law as now ex-

(Muntorf and another *v.* Muntorf.)

pounded.   It is a question of construction, and the practice is very general, to give costs without regard to the subtle distinction in *England*, and there would be danger, if we were so inclined, (as we are not,) to disturb it.  And this does not interfere with the case of *Musser and others, Administrators of Charles*, v. *Good and another*, 11 *Serg. & Rawle*, 247.  That was an attempt to charge the administrator personally, with payment of costs, where the executors had discontinued the suit.

But considering this point as settled, another question will arise, whether costs, which have accrued since the testator's death, are a lien on the lands in the hands of a purchaser; and the court are of opinion they are not.  It has been repeatedly decided, that lands are assets *sub modo* in the hands of the administrator, for the payment of debts; but whether they can be taken for costs which have accrued since the testator's decease, has never yet been decided, nor is it intended to give any opinion upon this point.  We, however, adjudge, that costs are not a lien on the land, although debts are, and we take the distinction between debts and costs.  It would be extremely inconvenient to say, that costs, which have arisen since the testator's death, or disposal of the property, should be a lien on the lands, so as to subject them to sale in the hands of a purchaser.  A purchaser has the means of ascertaining the debts against an estate with some certainty, but he would have no mode of guarding himself against costs which were created after his purchase.   The doctrine of the plaintiff's counsel would leave him at the mercy of the adminstrator or executor.