## Horbach *against* Knox.

It is not in the power of the Court of Common Pleas to permit an amendment after suit brought, by which the christian name of one of the plaintiffs should be changed.

ERROR to the District Court of *Allegheny* county.

This was an action of *assumpsit* by John Knox, James Boggs and John Knox, partners trading in the name of Knox, Boggs & Co., for the use of William Wilson and David Knox, their assignees, against Abraham Horbach.

Depositions were taken on behalf of the plaintiff to sustain his cause of action, by which it appeared that *James A. Knox*, instead of John Knox, was the member of the firm. The plaintiff's counsel, therefore, asked the court below to permit him to amend his pleadings by striking out John and inserting James A. The court permitted the amendment to be made, and at defendants' request sealed a bill of exception. This was the error assigned.

*Dunlop*, for plaintiff in error, cited 2 *Ld. Raym.* 771; 2 *Saund. Pl. & Ev.* 899; 2 *Arch. Pr.* 235; 8 *Serg. & Rawle* 53; 14 *Serg. & Rawle* 431; 5 *Watts* 373; 4 *Whart.* 344; 3 *Whart.* 419.

*M'Candless*, for defendant in error, cited Act of 24th March 1818; 1 *Rawle* 149; 8 *Watts* 460; 16 *Serg. & Rawle* 108.

PER CURIAM.—We have been liberal in the allowance of amendments to excess, but we have not felt ourselves at liberty to go the length required. On the contrary, we refused such an amendment in *Wilson* v. *Wallace*, (8 *Serg. & Rawle* 53), a case of the same stamp. Perhaps courts ought to be clothed with an unlimited power to amend at discretion, to attain complete justice; but it cannot be assumed without the authority of a statute. We have no such statute for the case before us; for it was held in *Wilson* v. *Wallace* that the Act of the 28th of March 1818 embraces no more than suits by executors, administrators, trustees or assignees; and though the suit before us is marked for the use of certain persons, we know of no regularly constituted trust. The statute was meant to provide for cases in which the plaintiffs sue in a representative capacity; and perhaps no other parties were in view as assignees and trustees than those who represent insolvent debtors by an assignment for the benefit of creditors under the insolvent laws. The amendment, therefore, was improperly allowed.

Judgment reversed, and *venire de novo* awarded.