## SHOW v. CONWAY.

An executor or administrator, plaintiff, is personally liable to defendants for costs.

IN error from the Common Pleas of Fayette.

*Nov.* 3.  Show, administrator of Conway, brought an action against Conway et al.; but in what form or on what grounds did not appear.  Defendants having recovered judgment, took a rule on plaintiff to pay costs, and read certain depositions on the hearing.  From these it appeared that plaintiff had offered to receive part of the debt and return the estate insolvent, and it might be inferred that defendants were sons of the intestate, and had refused to administer to the estate.  It also appeared that, on defendants' refusing to pay any thing, Show said he would make the suit cost more than the claim, whether he gained or lost.  The defendants' bill was $82 44.  The rule was made absolute.

*Howell*, for plaintiff in error.—Administrators are not liable for the party's costs:  Musser *v.* Good, 11 Serg. & Rawle, 248.

*J. S. Austin*, contrà.—A writ of error does not lie : Renninger *v.* Thompson, 6 Serg. & Rawle, 1.   But the order is supported by Muntorf *v.* Muntorf, 2 Rawle, 180 ; Penrose *v.* Pawling, 8 Watts & Serg. 379 ; Hartzell *v.* Brown, 5 Binn. 138 ; Geddis's Appeal, 9 Watts, 284.

*Nov.* 9.   ROGERS, J.—Muntorf *v.* Muntorf, 2 Rawle, 180, recognised in Penrose *v.* Pawling, 8 Watts & Serg. 380, definitively settles that, in this state, an administrator or executor, who fails in an unjust claim, is bound to pay costs as well when he sues in his representative character, as where the cause of action arises after the death of the testator.  The decision is founded on principles of justice, for no valid reason can be given which forbids the recovery of costs where the defendant has been harassed with an unfounded claim.   It is nothing to him who is compelled to pay it, whether it comes out of the pocket of the administrator or from the assets of the

estate ; nor has the administrator the least reason to complain, for, when he acts *bona fide*, he is at liberty to charge the costs to the estate, to be first paid out of the assets as part of the expenses of the settlement; but, when otherwise, it is but right it should be paid out of his own pocket. This case illustrates the propriety of the rule. Show, the administrator formally, was the owner of the debt in suit. He purchased it, as it appears, on speculation, and after-wards takes out letters of administration, by virtue of which the suit is brought. He attempts to coerce payment of an unjust claim by threats of the costs to which the defendant would be exposed in resisting the demand, and now he seeks to realize his threats by throwing the costs on the defendants, or turning them round to an estate which is, and was at the time letters were granted, notoriously insolvent. It would, in my judgment, be an outrage on every principle of right to refuse to allow the defend-ants to levy their costs from the administrator *de bonis propriis*.

Decree of the court affirmed.