FILED
United States Court of Appeals
Tenth Circuit

July 15, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHUCK ALLEN EASTHAM,

    Defendant - Appellant.

No. 14-7105
(D.C. No. 14-CR-00030-RAW-1)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.[**]

    Defendant-Appellant Chuck Allen Eastham appeals from his conviction and sentence for possession of a firearm by one having been convicted of a felony (Count One). 18 U.S.C. § 922(g)(1). He was sentenced to 24 months' imprisonment and three years' supervised release. Mr. Eastham's counsel filed a brief and motion to withdraw pursuant to Anders v. California, 386 U.S. 738

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

(1967), and 10th Cir. R. 46.4(B)(1).  We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  We dismiss the appeal and grant counsel's motion to withdraw.

## Background

Mr. Eastham was indicted on two counts of possession of a firearm by a felon.  The first count involved the sale of a firearm to an undercover agent, the second involved a subsequent search of Mr. Eastham's home where he informed officers that there were multiple firearms that belonged to his twelve-year-old son in the back bedrooms.  1 R. 10–11; 3 R. 3–6.  Mr. Eastham pleaded guilty to the first count and waived any challenge to a forfeiture count (Count 3), all without a plea agreement.  1 R. 29.  The second count was dismissed.

## Discussion

In Anders, the Supreme Court explained that "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw."  386 U.S. at 744.  Mr. Eastham's counsel has done so by motion.  Mr. Eastham was served with a copy of the Anders brief, Aplt. Br. at 9, and requisite notice by this court, 10th Cir. R. 46.4(B)(2) & App. A, 10th Cir. Form 4.  The government notified the court that it would not file a response brief.  Mr. Eastham has not filed a brief.

- 2 -

On appeal, counsel's <u>Anders</u> brief discusses the plea procedure and the sentencing. The record confirms that Mr. Eastham was advised of the charge against him and the potential punishment. 2 R. 14–16. The plea colloquy established a factual basis for the plea and confirms that the plea was knowing and voluntary. <u>See</u> Fed. R. Crim. P. 11(b); 2 R. 16–25.

Insofar as the sentencing, Mr. Eastham unsuccessfully objected to a four-level upward adjustment to the base offense level due to ten additional firearms found in his house. Thus, the properly calculated Guideline range was 41–51 months, based upon a total offense level of 21 and a criminal history category of II. 3 R. 6, 12. The district court granted a downward variance and sentenced Mr. Eastham to 24 months. 2 R. 180–81.

Pursuant to <u>Anders</u>, we conduct an independent review to decide whether potential issues raised by counsel and any others we might identify are frivolous. 386 U.S. at 744. After reviewing the record, including the plea and sentencing transcripts, we conclude that there are no non-frivolous claims. <u>See</u> <u>United States v. Calderon</u>, 428 F.3d 928, 930 (10th Cir. 2005).

Mr. Eastham was fully advised of the nature and consequences of his plea. As to Mr. Eastham's sentence, we evaluate its procedural and substantive reasonableness under a unitary abuse of discretion standard. <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007). A district court commits procedural error when it improperly calculates a Guideline range. <u>Id.</u> In reviewing a district court's

calculation of a Guideline range, we review issues of law de novo and factual findings for clear error, granting deference to the district court's application of the Guidelines to the facts at hand. United States v. Gambino-Zavala, 539 F.3d 1221, 1227–28 (10th Cir. 2008) (internal quotation marks and citation omitted). The government bears the burden of proving by a preponderance of the evidence all findings necessary to support a sentence enhancement. Id. at 1228.

Here, Mr. Eastham's only colorable argument would be that, because 10 of the 11 firearms at issue belonged to his wife and son, the district court erred in applying a four-level increase in offense level pursuant to U.S.S.G. § 2K2.1(b)(1)(B) for possession of 8–24 firearms. Given our standard of review, this argument is unavailing. To establish possession, the government can show either actual or constructive possession of the firearms. Gambino-Zavala, 539 F.3d at 1229. An individual constructively possesses guns if he knowingly holds the power to "exercise dominion or control over them," even if the firearms are formally owned by another. United States v. Denson, 775 F.3d 1214, 1220 (10th Cir. 2014). Where individuals share a home, a showing that the defendant has "knowledge of and access to the weapons" is sufficient to show constructive possession. Id.

There is little doubt that the district court could reasonably find that Mr. Eastham had actual or constructive possession of the firearms. Essentially, the district court found that two of the firearms were near the bed Mr. Eastham slept

in, and that even if the firearms were owned by Mr. Eastham's wife and son, he possessed them. 2 R. 151. Having told law enforcement at the beginning of the search that there were firearms in the back bedrooms, 3 R. 4, Mr. Eastham demonstrated knowledge. The district court could certainly infer access given the likelihood that he would be involved with the firearms given his son's age (12). The trial judge heard the testimony, patiently listened to vigorous argument, 2 R. 131–150, and drew permissible inferences. See United States v. Colonna, 360 F.3d 1169, 1179 (10th Cir. 2004) ("[A]n inference of constructive possession is reasonable if the conclusion flows from logical and probabilistic reasoning." (citation omitted)). We see no non-frivolous argument that the court abused its discretion.

For the foregoing reasons, we DISMISS the appeal and GRANT counsel's motion to withdraw.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge