Chamberlin
v.
Spencer.

*W. M. Oliver,* contra, moved to amend, by affixing a seal to the venire, and causing the sheriff to make out a return *nunc pro tunc.*

*Curia.* Take your motion to amend in both particulars, on payment of costs.

Rule accordingly.

---

CHAMBERLIN, Admr. *against* SPENCER AND SPENCER.

*Where an administrator goes for money had and received to his use after the letters of administration granted, he may sue in his own name; and if he recover less than $50, must pay costs to the defendant, which may be set off against the damages.*

ASSUMPSIT for money had and received by the defendants to the use of the plaintiff, after the death of his intestate, and after the plaintiff had taken out letters of administration. The plaintiff sued as administrator for a trover and conversion of the goods of his intestate, recovered judgment, and retained the defendants as attorneys, to bring debt on that judgment. They did so, obtained a second judgment, and collected the money, for the balance of which this action was brought in the name of the plaintiff as administrator who recovered, a verdict at the Circuit for $26 63.

*J. A. Spencer,* for the defendants, moved to set off these damages against the defendants' costs; and read an affidavit,

that the defendants had procured the costs to be regularly taxed, and had offered the plaintiff's attorney to set them off, which he declined. He cited 1 R. L. 343, s. 2; 12 John. Rep. 289; 2 id. 377; 4 id. 190; Bac. Abr. *Costs*, (E) 3; 3 Burr. 1584; 16 John. Rep. 148; 6 Mod. 181–91; 17 John. Rep. 268; 2 id. 377; Hullock's L. C. 199, and the cases there cited; 6 Mod. 92; 11 id. 174, S. C; id. 135; Tidd's Pr. 893; 8 John. Rep. 379; 2 John. Cas. 209; Laws N. Y. sess. 47, ch. 228, s. 1, 33; 4. T. R. 280; 5 id. 234; 7 id. 354.

UTICA,<br>Aug. 1825.<br><br>Morse<br>v.<br>M'Coy

*Edward Allen,* contra, cited Tidd's Pr. 893–4; id. 897; 1 Salk. 207; 11 John. Rep. 403.

*Curia.* The plaintiff might have sued for the money in his own name, and is therefore liable for costs. *Goldthwayte and wife* v. *Petrie,* (5 T. R. 234–5,) and *Jenkins et ux.* v. *Plombe,* (6 Mod. 91, id. 181, 1 Salk. 207, S. C.) are in point. These cases were fully considered and adopted in *Ketchum* v. *Ketchum,* (4 Cowen's Rep. 87.) The only case against them is *Eaves* v. *Mocato,* (1 Salk. 314;) but this has never been acted upon; and there is reason to believe, from the mention of it in *Jenkins* v. *Plume,* (id. 207,) that it was wrongly reported; being an action on an *insimul computassent;* and not, as mentioned in the report, for money had and received. The motion must be granted.

Motion granted.