## Bellas *against* Oyster.

If a plaintiff in ejectment recover a verdict and judgment less favourable than an award of arbitrators from which an appeal had been taken, he is not entitled to recover his costs which accrued subsequent to the appeal ; nor is the defendant entitled to recover back the costs which he paid on the appeal.

ERROR to the common pleas of *Northumberland* county.

This was an action of ejectment by George Oyster and Sarah his wife, against Hugh Bellas, Esq. and Jacob Weiss for a tract of land. The cause was referred to arbitrators, who made a report in favour of the plaintiffs for the undivided three fourth parts of the land with 6 cents damages and 6 cents costs. From this report the defendants appealed, and paid all the costs. The plaintiffs subsequently conveyed their title to the land to William Levan, after which the cause came on for trial in the circuit court and a verdict was rendered for the plaintiff for 6 cents damages and 6 cents costs, but not for the land. Upon appeal to the supreme court, a new trial was ordered. By agreement between the parties, judgment was subsequently entered for 6 cents damages and 6 cents costs. The plaintiffs then obtained a rule to show cause why judgment should not be entered for full costs ; and at the same time, the defendant obtained a rule to show cause why judgment should not be rendered in his favour for the costs paid by him on the appeal from the award of arbitrators.

Upon argument the court below made absolute the rule obtained by the plaintiffs for full costs and discharged the defendant's rule.

The defendant then sued out this writ of error.

*Hepburn* and *Bellas,* for plaintiff in error, cited, 13 *Serg. & Rawle* 198; 2 *Serg. & Rawle* 74; 10 *Serg. & Rawle* 192 ; 1 *Penns. Rep.* 487.

*Greenough,* for defendant in error, cited, 4 *Serg. & Rawle* 135.

The opinion of the Court was delivered by

SERGEANT, J.—It was settled in Landis *v.* Shaeffer, 4 *Serg. & Rawle* 196, that when the defendant appeals from an award of arbitrators, and the verdict of the jury is for a less sum than the award, each party pays his own costs which have accrued subsequent to the appeal : and it was afterwards decided in Pratt *v.* Naglee, 6 *Serg. & Rawle* 196, that in such case the defendant is not entitled to a return of the costs paid on the appeal. These two cases seem to me to decide that the court below erred in making absolute the rule obtained by the plaintiff to show cause why judgment should not be entered

[Bellas v. Oyster.]

in his favour for costs, and were right in discharging the defendant's rule to show cause why judgment should not be entered for the defendant for the bill of costs paid by him on his appeal from the the report of arbitrators. The verdict was less favourable to the plaintiff than the award of arbitrators, inasmuch as by the latter he recovered three fourth parts of a tract of land, together with 6 cents damages and costs ; whereas, by the verdict, he recovers only 6 cents damages, and no part of the land. It is in vain to say that, in pursuance of the agreement entered into between the parties, the plaintiff establishes that he had a title to the land for which this ejectment was brought at the time of commencing the suit. He chose, pending the suit, to convey this title to Levan, who brought another ejectment against the defendant and recovered the land. The question is, what has the plaintiff recovered ? not what was his title at the institution of the ejectment. If he has voluntarily disabled himself from recovering by the verdict as much as the award gave him, it is his own fault. In Poke *v.* Kelly, 13 *Serg. & Rawle* 165, in debt on bond for the purchase money of land, where the defence was, existing incumbrances, which the plaintiff was bound to pay off, arbitrators were appointed who awarded the whole amount due on the bond to the plaintiff. On appeal by the defendant, the jury deducted the amount of the incumbrances and rendered a verdict for a sum less than the award. It was held that the plaintiff was not entitled to costs subsequent to the appeal, although the incumbrances were not paid off until after the appeal. This case seems to me to be in principle the same as the present. The plaintiff actually recovered less in consequence of his own act.

The judgment below for plaintiff as to the costs subsequent to the appeal reversed, and judgment as to the residue affirmed.