## Penrose *against* Pawling.

A plaintiff who is nonsuited after an appeal by the defendant from an award of arbitrators, must refund the costs of the appeal which the defendant had paid on appealing; and that is the case, although the plaintiff sues as administrator.

ERROR to the Common Pleas of *Montgomery* county.

The following case was stated for the opinion of the court in the nature of a special verdict, either party to have the right to a writ of error;

To November Term 1837, No. 34. George H. Pawling, the defendant in this case, as administrator of Thomas Ferguson, deceased, brought an action on the case in *assumpsit* in the Common Pleas of Montgomery county, against Morris Penrose, executor of the last will and testament of Samuel Penrose deceased, the plaintiff above named, which action, at the instance of and upon a rule entered by Pawling as administrator as aforesaid, was referred to arbitrators, under the Act of June 16, 1836, who, on the 8th May 1838, reported in favour of the then plaintiff $173.97, with costs of suit. On the 14th May 1838, the defendant in that suit, plaintiff in this, appealed from the award of arbitrators. On the 1st November 1839, the cause came on for trial before a jury, when, after a short progress made therein, the jury was discharged, and the plaintiff suffered a nonsuit, with leave to move to take it off. On the same day, on motion, the court granted a rule to show cause why the nonsuit should not be taken off; and on the 26th June 1841, the rule was discharged and judgment entered on the verdict. The costs which accrued prior to the appeal were paid into the office of the prothonotary by the said Morris Penrose, as executor as aforesaid, in order to obtain his appeal. They were $19.71, and were composed of the following items:

| | |
|---|---:|
| Attorney and writ - - - - - - - - - - - - - | $4.00 |
| Crier - - - - - - - - - - - - - - - - - - - | 12½ |
| Arbitrators, rules, &c. - - - - - - - - - - - | 11.25 |
| Sheriff's fees - - - - - - - - - - - - - - - - | 2.33½ |
| Prothonotary - - - - - - - - - - - - - - - - | 2.00 |
| Making in all - - - - - - - - - - - - - - - | $19.71 |

George H. Pawling has not and never had any assets of his intestate in his hands, by which he could satisfy the above claim for costs.

The question for the opinion of the court is, whether Morris

[Penrose v. Pawling.]

Penrose, executor`as aforesaid, is entitled to have these costs or any proportion of them refunded to him by the said George H. Pawling out of his own proper estate. If the court shall be of opinion that the defendant is bound to refund, as aforesaid, the whole or any part thereof, then judgment to be entered for the plaintiff accordingly. If of opinion that he is not bound to refund the whole or any part thereof, then judgment to be entered for the defendant.

The court gave judgment for the defendant on the case stated, and this was the subject of the error assigned.

*Freedley*, for the plaintiff in error, cited 11 *Serg. & Rawle* 247; 2 *Rawle* 180.

*G. R. Fox*, contra, referred to 6 *Serg. & Rawle* 299; 7 *Watts* 341.

The opinion of the Court was delivered by

SERGEANT, J.—Pawling, as administrator, sued Penrose, as executor, in *assumpsit;* and the cause being referred to arbitrators, an award was rendered in favour of the plaintiff for $173.97. The defendant, Penrose, appealed, entered into recognisance and paid the costs of the appeal. On trial the plaintiff Pawling became nonsuit; and the question is, whether the defendant, Penrose, is entitled to a return of these costs. This question is raised by a case stated, in which Penrose is plaintiff and Pawling defendant.

We are of opinion that Penrose is entitled to recover. Costs are given to the defendant by statute 23 Hen. 8, c. 15, which enacts that in actions of debt, case, &c., if the plaintiff after appearance of the defendant be nonsuit, the defendant shall have judgment to recover his costs, &c.; and this is our daily practice. It makes no difference that the plaintiff sues as administrator, for it is decided in *Muntorf* v. *Muntorf* (2 *Rawle* 180), that in Pennsylvania an executor or administrator is bound to pay costs to the defendant in case of nonsuit or of a verdict for the defendant, as well when he necessarily sues in his representative character as when the cause of action arises after the death of the testator; and the distinction which prevails in England in this respect has not obtained here. The cases of *Pratt* v. *Naglee* (6 *Serg. & Rawle* 299); *Landis* v. *Shaeffer* (4 *Ibid.* 199); and *Bellas* v. *Oyster* (7 *Watts* 341), do not resemble the present, for there, on the defendants' appeal, the plaintiff recovered, though it was a smaller sum than that which had been awarded to him by arbitrators; but here he fails entirely, and judgment of nonsuit is entered against him. In *Gallatin* v. *Cornman* (1 *P. R.* 115), it was held that where the defendant appealed, and on trial obtained a verdict and judgment in his favour, it was a case not provided for by the Act of 20th March 1810, and the costs should follow the final judgment,

[Penrose v. Pawling.]

which was for the defendant. One portion of the costs in that case were those paid on the appeal. This case seems to be similar in principle to the present.

> Judgment reversed, and judgment entered for the plaintiff (Penrose) according to the case stated.