# REYNOLDS *v.* DAMRELL.

Though by the constitution and the Revised Statutes all writs are required to bear teste of the chief, first, or senior justice of the courts from which they issue, the teste is a matter of form merely, and if defective may be amended.

A suit for a just debt, upon which property is attached, and in which the defendant suffers default, will not be quashed for defect in mere form, upon motion of a subsequent attaching creditor of the defendant.

Reynolds *v.* Damrell.

Assumpsit. The writ in this action was made and dated October 3, 1848, and bore teste of Joel Parker, Esquire, who had then resigned. An attachment of the defendant's goods was made on the same day. A second attachment was put on the same goods by one Treadwell, another creditor of the defendant, who afterwards appeared in the case, for the purpose, and moved that the plaintiff's writ be quashed. The plaintiff moved for leave to amend the teste in his writ by striking out the name of Joel Parker and inserting the name of John J. Gilchrist. The defendant had suffered default.

*Emery*, for the plaintiff.

*Hatch*, for Treadwell.

Wilcox, J. By section eighty-seven of the constitution of this State, all writs issuing from the clerk's office in any of the courts of law, shall be under the seal of the courts whence they issue, and bear teste of the chief, first, or senior justice of the court, and be signed by the clerk of the court: and by the statute respecting writs and mesne process, (Rev. Stat. ch. 182, § 2,) the same provisions are reënacted in almost the same words. This writ, therefore, is, in its present form, defective. But all defects in writs are not fatal. There are errors which the court will not regard unless they are brought to their knowledge in due season, and in the proper manner. Others may be cured by amendment. By the Rev. Stat. ch. 186, § 10, it is enacted that " no writ, declaration, return, process, judgment, or other proceeding in the courts or course of justice, shall be abated, quashed of reversed, for any error or mistake, where the person or case may be rightly understood by the court, nor through defect or want of form or addition only, and courts and justices may, on motion, order amendment in any such case." And by section eleven, " amendments in matter of sub-

stance may be permitted in any action, in any stage of the proceedings, upon such terms as the court shall deem just and reasonable, but the rights of third persons shall not be affected thereby."

The teste of a writ, unlike the signature of the clerk, or the seal of the court, which serve to identify the process as issuing from the proper court, is formal, merely. It is not inserted by the chief justice, nor by his order. It is usually printed in the blank issued by the clerk, but may be inserted by any one, and may be erased and another inserted by the party or his attorney. Its only use seems to be to give character and dignity to the process; but in that respect it is not matter of substance, but of the purest form, deficiencies in which are not only open to be supplied and amended, but are of the class of which courts will take no notice unless they are objected to, and promptly, by the other party. It has accordingly been held that after a joinder in demurrer, it is too late to object that the writ does not bear the proper teste. *Ripley* v. *Warren,* 2 Pick. 592. And the cases are sufficiently numerous where the teste has been amended on motion. *Brown* v. *Alpin,* 1 Cow. 203; *Ross* v. *Luther,* 4 Cow. 158; *Converse* v. *Damarescotta Bank,* 3 Shep. 431. In *U. States* v. *Hanford,* 19 Johns. 173, a similar amendment was made in an execution.

Courts have not, however, been unanimous as to what parts of a writ are to be considered formal merely, and what essential. In *Hutchins* v. *Edson,* 1 N. H. Rep. 139, an execution without seal was held to be void, and the same rule has been applied to original writs. *Hale* v. *Jones,* 9 Pick. 446; *Bailey* v. *Smith,* 3 Fairf. 196; *Perry Man'g Co.* v. *Brown,* 2 Wood & M. 458.

It has been held otherwise of a writ of execution, which it is said is a judicial writ, and may therefore be amended. *People* v. *Dunning,* 1 Wend. 16; *Dominick* v. *Eacker,* 3 Barb. Sup. Ct. R. 17; *Sawyer* v. *Baker,* 3 Greenl. Rep. 29.

In *Chamberlin* v. *Spence,* 4 Cow. 550 a *venire* was amend-

ed by adding a seal and officer's return.    In *People* v. *Steuben*, *C. P.*, 5 Wend. 103, a *certiorari* was amended by adding a seal.    In *Clark* v. *Hellen*, 1 Irad. 421, the absence of a seal was allowed to be supplied, as was the clerk's signature in *Pessoon* v. *Jenkins*, 1 Coleman, 55.    The seal of the court and the signature of the clerk, are, however, very different from the teste of the senior justice; for nothing can probably be regarded as a writ which has not been issued by the clerk, or by his authority.

It does not alter the case that the teste of writs is regulated and prescribed by the constitution.    A statute is as obligatory upon this court as the constitution, where the two do not conflict.    We can repeal neither.    By allowing the amendment we are requiring the writ to be put in proper form, and yielding obedience both to the law and the constitution.

There is another answer to this application.    The defendant does not appear, but makes default, and thus waives on his part all objections to the forms of the process.    But a creditor, who has made an attachment subsequent to the plaintiff's, appears, by leave of the court, for the purpose of moving that the plaintiff's writ be quashed, and his prior attachment thereby put out of the way.    It is not alleged that the plaintiff's debt is an unjust one.    Under such circumstances the interest of justice does not require that the subsequent attaching creditor should be admitted to interpose such a defence.    He is never admitted to defend a suit in the name of his debtor as a matter of right.    It is always discretionary with the court; a discretion, indeed, which is always exercised when there is any ground to apprehend that the plaintiff's claim is, in whole or in part, unfounded, and the effect of the suit is to divert the property of the debtor from his honest creditors.    But courts of justice do not exert their discretionary powers for the purpose of enabling a party to plead in abatement, or to avail himself of a mere error in a matter of form, where the person and the

case can be rightfully understood by them.   If the defendant comes in and pleads in abatement, he must plead in proper season and due form, with the utmost certainty, and in all respects bring himself within the strictest rules of law.   His plea, then, is one of right, which the court is bound to consider.   Much less would it comport with our ideas of justice to admit a subsequent attaching creditor to come in for the mere purpose of defeating a *bona fide* creditor, upon the ground of some merely formal mistake, which the defendant himself waives by his non-appearance.

*Motion to quash the writ denied, and the amendment allowed.*