[No. 633. Decided February 24, 1890.]

## BELLINGHAM BAY AND BRITISH COLUMBIA RAILROAD COMPANY v. H. B. STRAND.

JUSTICE OF THE PEACE — PLEADING — FORCIBLE ENTRY AND DETAINER — EVIDENCE.

In an action for forcible entry and detainer, an answer alleging that defendant had been in the quiet possession of the premises for more than one year preceding the filing of the complaint, but which fails to allege that defendant's estate in the premises had not ended, is insufficient under the provisions of § 1836, Code Wash. T.

The failure of plaintiff to reply to the defendant's allegation of quiet possession for more than one year, in an action before a justice of the peace, cannot be regarded as an admission of its truth, as, under § 1757, Code Wash. T., all new matters in the answer constituting a defense, except set-off, are presumed to be denied.

In such an action, no question of title being involved, there was no error in excluding evidence that defendant had paid taxes on the premises in controversy for two years last past, no other proof of possession or right of possession being offered by defendant.

It was assigned as error that the court erred in excluding evidence "that during the two years last past, defendant had been in the actual, open and notorious possession of large portions of the said tract of several hundred acres of land which originally included the said land in controversy." *Held*, that such evidence was irrelevant to the issue in an action of forcible entry and detainer.

Where plaintiff proved his quiet and lawful possession for a long time prior to and up to the time of the alleged forcible entry, and defendant offered no evidence of its right of possession, and none in contravention of plaintiff's proof, while its answer admitted it was in possession of the premises at the commencement of the action, the evidence will sustain a verdict in favor of plaintiff.

*Error to District Court, Whatcom County.*

The facts are fully stated in the opinion.

*C. W. Dorr*, for plaintiff in error.

Defendant's answer to the complaint contained new affirmative matter constituting a defense, to wit: The allegation that it had been in the quiet possession of the premises in controversy for more than one year immediately preceding the filing of the original complaint; and to this there was no reply whatever by the plaintiff, and the allegation must therefore be taken as true, because it is material, and stands uncontroverted. Code of 1881, § 103; *Scofield v. State National Bank*, 9 Neb. 316; *Ballanger v. Lautier*, 15 Kan. 608; *Board of Education v. Shaw*, 15 Kan. 33; Code of 1881, § 86; *Puget Sound Iron Co. v. Worthington*, 2 Wash. T. 483.

The evidence offered by the defendant on the trial should have been admitted. "Whether there be any evidence or not is a question for the judge; whether it is sufficient evidence is a question for the jury." Green. Ev. (14th ed.) § 49, and cases there cited; Thompson on Trials, § 318, and cases there cited; *Farewell v. Tyler*, 5 Iowa, 540; *Rush v. French*, 1 Ariz. 99.

In determining the question of adverse possession, the payment of taxes, by the person asserting title by such possession, is a fact which may, with other circumstances,

be considered by the jury.  *Draper v. Shoot,* 25 Mo. 197; *Turner v. Hall,* 60 Mo. 271; *Gaines v. Saunders,* 87 Mo. 557; *Daniel v. Gualala Mill Co.,* 19 Pac. Rep. 519; *Thiers v. Holmes,* 9 S. W. Rep. 191; *Booth v. Small,* 25 Iowa, 181.

*H. A. Fairchild,* for defendant in error.

The opinion of the court was delivered by

DUNBAR, J.—This is an action for forcible entry and detainer brought in the justice's court of Whatcom precinct, Whatcom county, Washington Territory, under the provisions of chapter 123 of the Code of Washington, by H. B. Strand, plaintiff, against the Bellingham Bay and British Columbia Railroad Company, a corporation, defendant, to recover possession of a certain lot or parcel of land upon which defendant was alleged to have unlawfully entered on the 28th day of January, 1889, and since then to have remained in the possession thereof up to the time of the commencement of this suit.  Plaintiff alleges that he was, on the said 28th day of January, and for a long time prior thereto had been, in the quiet, lawful and peaceable possession of, and entitled to the possession of, said described tract of land.  There was a general denial on the part of the defendant of all the allegations of the complaint, excepting that defendant was in possession of said premises, which was admitted by the answer, and averred to be lawful. The defendant further answered that it had been in the quiet possession of said premises for more than one year immediately preceding the filing of the complaint in this action.  On the 9th day of March, 1889, there was a trial by jury in the justice's court, and a verdict of not guilty was returned, and judgment entered thereon in favor of defendant. Plaintiff appealed to the district court of Washington Territory, holding terms at Whatcom, where said cause came on for trial at the March term of said court; and upon the trial of said cause by a jury, a verdict was

rendered for plaintiff and judgment entered thereon. From said judgment defendant appealed to this court.

It is contended by the defendant, plaintiff in error, that the affirmative declaration of defendant, that it had been in the quiet possession of the premises for more than one year immediately preceding the filing of the complaint, is not only a material allegation in the answer, but if sustained is a complete defense to the action of forcible entry and detainer; and that, as it stands uncontroverted by any reply of plaintiff, it is an absolute bar to judgment for plaintiff in this suit. Even had this allegation not been controverted, it did not go far enough to constitute a bar under the statute. The language of the statute is: "One year's quiet possession of the premises immediately preceding the filing of the complaint, by the party complained of, or those under whom he holds, may be pleaded by any defendant in bar of the plaintiff's demand of possession, unless the estate therein be ended." Code of Washington, § 1836. The last clause in the statute is very important. The defendant may have had a leasehold interest in the premises, and under such lease have been in the quiet and rightful possession of them for the time alleged in the answer; and yet, if his lease had expired within the year, the alleged quiet possession would manifestly not be a defense to the action. To bring itself within the protection of the statute the defendant, in addition to the allegation of quiet possession, should also have alleged that its estate in said premises had not ended. But we cannot agree with the defendant that the allegation on which it relies is not controverted; § 86 of the code, cited by defendant, is not applicable to pleadings in a justice's court. The only provision made by the law for a reply in a justice's court is in subdivision 3 of § 1757 of the code; that is when the answer sets up a set-off by way of defense; all other new matters in the answer constituting a defense are presumed to be denied.

Defendant complains that the court erred in sustaining

plaintiff's objection to its offer to prove that it had, for two years last past, paid taxes upon said premises. Whatever may be the effect, if any, of the payment of taxes as tending to prove right of possession when coupled with the proof of other circumstances, we are not called upon to decide; for the statement of facts shows that no other proof of possession, or right of possession, to the particular premises in controversy, was offered by the defendant. No question of ownership or title is involved here; it is simply a question of possession forcibly detained. A. may own land and lease it to B., and in the absence of any stipulation to the contrary, A. must pay the taxes on said property; and in an action of forcible entry and detainer brought by either one against the other the proof of such payment of taxes by A., unsupported by any other circumstances, could not possibly affect B.'s right to the possession of the premises. Hence, there was no error in sustaining the objection to the introduction of this testimony.

The fourth assignment is, "that the court erred in refusing to allow defendant to prove that during the two years last past it had been in the actual, open and notorious possession of large portions of the said tract of several hundred acres of land which originally included the said land in controversy;" and the fifth assignment is, "that the court erred in refusing to allow defendant to prove that before the said tract was originally surveyed, platted and laid off into lots, blocks, streets and alleys, defendant's grantors were in the actual, notorious and open possession of a large portion of the said entire tract of several hundred acres, which possession had been continued by defendant up to the time of the commencement of this suit." We must confess that we are unable to conceive what possible relevancy such testimony could have to the questions in issue in this case. If the proof offered had been admitted to be true it could in no wise have enlightened the jury on the vital question as to who was entitled to the possession of

the particular piece of land described in the complaint at the time of the commencement of this action. It will be observed that defendant nowhere offered to prove that either it or its grantors at the time of the alleged forcible entry, or at any time prior thereto, was in possession or entitled to the possession of the particular land described in the complaint, or any portion thereof; and that there is nothing to indicate that the "large portions" spoken of were even contiguous to the land in question. There was no error in excluding such testimony.

But there is another feature in this case which in our judgment is fatal to appellant's interests. Plaintiff alleges the quiet, lawful and peaceable possession of the property in controversy at the time of the alleged forcible entry and detainer. The defendant denies this possession in plaintiff and alleges that it was in possession. The statement of facts, however, shows that while the plaintiff introduced testimony tending to show his quiet and lawful possession for a long time prior to and up to the time of the alleged forcible entry and detainer, which, in view of the subsequent proceeding, must be presumed to have been *prima facie* proof of quiet possession, the defendant offered no proof whatever of the right of possession to said premises and no testimony in contravention of plaintiff's proof, while at the same time it admitted that it was in possession of said premises at the commencement of the action. We cannot, therefore, escape the conclusion that defendant forcibly took possession of said premises and that it unlawfully holds the same by force. We think the evidence sustains the verdict and that there was no error committed by the court.

The judgment of the court below is affirmed, with costs for appellee.

ANDERS, C. J., and SCOTT, J., concur.

STILES and HOYT, JJ., concur in the result.