### CHARLES W. LYNCH et al. vs. GEO. E. WEBSTER.

A judgment for the defendant's costs, rendered against an administrator who has failed to maintain his action, should be entered against the administrator personally, and the execution should conform to the judgment.

PETITION for a writ of *mandamus* directed to the clerk of the Court of Common Pleas for the county of Providence.

*October* 13, 1891. MATTESON, C. J. This is a petition for a writ of *mandamus* to require the clerk of the Court of Common Pleas to issue an execution for costs against an administrator, running against his own goods, chattels, and estates, instead of the goods and chattels of the intestate in the hands of the administrator.

The petitioners recovered a judgment in the Court of Common Pleas for their costs of suit in an action in which an administrator and another were plaintiffs and they were defendants. The respondent, upon application of the petitioners for execution, declined to issue it except against the goods and chattels of the intestate in the hands of the administrator, and he now contends that it can properly issue only in that form. The petitioners applied to the Court of Common Pleas for an order to the clerk to issue execu-

tion against the goods, chattels, and estate of the administrator, but the court declined to make the order.

Of course the execution should conform to the judgment. The allegation of the petition is simply that the petitioners recovered judgment for their costs, without stating whether the judgment was against the administrator personally, or only against the goods and chattels of the intestate in the hands of the administrator. We assume, however, that the judgment was against the administrator personally, and that the question which the parties desire to raise for our determination is whether a judgment against an administrator personally is a proper judgment. If so, it necessarily follows that the execution should issue against his own goods, chattels, and estate.

The subject of costs in proceedings by and against executors and administrators is one concerning which there has been a diversity of opinion and practice, and which is largely regulated by statute.

In England, in the early practice, an executor or administrator might recover costs if successful in a suit brought by him, but if the decision was against him he was not liable for costs, the reason being that the Statute 23 Henry VIII. cap. 15, § 1, by which costs were first given to defendants, was confined to cases of wrongs done to and contracts made with the plaintiff. Now, however, under the statute of 3 & 4 Will. IV. cap. 42, § 31, an executor or administrator, with respect to costs, is put on the same footing as other suitors, except that if the action be in the right of the testator or intestate, the court in which the action is pending, or the judge of a superior court, may otherwise order. But, independently of the latter statute, and by virtue of the former, if an executor or administrator brought an action on a wrong done in his own time, or upon a contract, express or implied, made with himself, and failed in the action, he was liable to the defendant for costs, even though he sued as executor or administrator. *Nicholas* v. *Killigrew*, 1 Ld. Raym. 436; *Jenkins* v. *Plume*, 1 Salk. 207; *Goldthwayte* v. *Petrie*, 5 Term Rep. 234; *Bollard* v. *Spencer*, 7 Term Rep. 354; *Tattersall* v. *Groote*, 2 Bos. & P. 253; *Cooks* v. *Lucas*, 2 East. 395; *Dowbiggin* v. *Harrison*, 9 B. & C. 666; *Jobson* v. *Forster*, 1 B. & Ad. 6; *Slater* v. *Lawson*, 1 B. & Ad. 893.

Some of the courts in this country, in the absence of statutes regulating the subject, have held that where the cause of action accrued wholly after the death of the testator or intestate, the executor or administrator, if he fails in an action brought by him, must pay the costs, but that he is not to be held liable when the cause of action accrued wholly or partly within the lifetime of his testator or intestate. The reason assigned for the distinction is, that in the former case, being a party to the transaction, he is presumed to know all about it and to act upon his own responsibility, and, therefore, ought not to be permitted to saddle the estate with the costs in case of failure ; whereas in the latter case, not being privy to the original transaction, he cannot be presumed to know exactly what the case may turn out to be upon investigation, and, therefore, ought not to be required to pay the costs himself. *Ketchum* v. *Ketchum*, 4 Cow. 87 ; *Chamberlin* v. *Spencer*, 4 Cow. 550 ; *Barker* v. *Baker*, 5 Cow. 267 ; *Buckland* v. *Gallup*, 40 Hun, 61 ; *Potts* v. *Smith*, 3 Rawle, 361 ; *Pillsbury* v. *Hubbard*, 10 N. H. 224 ; *Keniston* v. *Little*, 30 N. H. 318 ; *Folsom* v. *Blaisdell*, 38 N. H. 100 ; *Hutchcraft's Executors* v. *Gentry*, 2 J. J. Mar. Ky. 499 ; *Frink* v. *Luyten*, 2 Bay, S. Car. 166.

On the other hand, it has been held in Pennsylvania that an executor or administrator who is plaintiff is bound to pay costs to the defendant in cases of nonsuit or a verdict for the defendant, not only when the cause of action accrued after the death of the testator or intestate, but also upon a cause of action which accrued within the lifetime of the testator or intestate, for the reason, as it was said, that it is obvious justice that one against whom a vexatious suit has been brought should recover his costs, and that it is nothing to him on whom the costs fall, whether on the estate or the executor or administrator personally. *Muntorf* v. *Muntorf*, 2 Rawle, 180 ; *Penrose* v. *Pawling*, 8 Watts & Serg. 379 ; *Show* v. *Conway*, 7 Pa. St. 136.

The petition before us does not show whether the cause of action in the suit in which costs were recovered by the petitioners accrued during the lifetime of the intestate or subsequent to his death. We do not, however, deem this a material consideration. Pub. Stat. R. I. cap. 217, § 1, provides that " in all civil causes at law, the party prevailing shall recover costs except where otherwise.

specially provided." There is no provision of statute which exempts an administrator from liability for costs out of his own estate in case he brings a suit which he fails to maintain. The statute does not say from whom the party prevailing shall recover. It is manifest, however, that it is from the party against whom he prevails. It may be argued that if an executor or administrator be that party, and he is suing in his representative character, that the judgment should be against him in that character, or against the estate in his hands. We think, however, that in the absence of any provision of the statute directing a special judgment, or exempting an executor or administrator who has failed to maintain his suit, from liability, it is a more natural construction of the statute that the judgment for costs should be against him personally. This, we understand, is in accordance with the practice which has prevailed in this court. We think, too, that such a judgment is better calculated to secure the interests of all parties. The same question was before the Supreme Judicial Court of Massachusetts in *Hardy* v. *Call*, 16 Mass. 530, under a statute which provided that " when any party shall in any stage of his action become nonsuit, or discontinue his suit, the defendant shall recover costs against him; and in all actions, as well those of *qui tam* as others, the party prevailing shall be entitled to his legal costs against the other." Statute of October 30, 1784, § 9. It was held that when an administrator commences an action and fails to support it, judgment for costs is to be entered against him *de bonis propriis*. The court, after disposing of the question as to the construction of the judgment which had been entered against the administrator, goes on to say: " This leads us to consider what ought to have been the form of the judgment in the original action, and we are clearly of the opinion that it ought to have been entered against the present defendant *de bonis propriis*. He was the party prosecuting, and is personally responsible to the adverse party by the statute respecting costs, and such form of judgment best comports also with the rights of executors and administrators, and all concerned in the settlement of the estates of deceased persons. For if judgment for costs could be legally recovered against the goods and estates of testators and intestates, all such goods and estates might go for the payment of costs in frivolous and

groundless suits. Judgment, therefore, in every case commenced by an executor or administrator in which the defendant becomes entitled to costs, ought to be entered against such executor or administrator personally. After payment he may charge the amount in his account of administration, to be allowed or not, as it may appear to the judge of probate that the suit was discreet or otherwise; and thus justice may be done to all parties interested, and the discretion of executors and administrators may be subjected to a wholesome restraint." The doctrine of *Hardy* v. *Call* was affirmed and approved in *Brooks* v. *Stevens*, 2 Pick. 68; *Burns* v. *Fay*, 14 Pick. 8, 12; *Pierce* v. *Saxton*, 14 Pick. 274; *Blake* v. *Dennie*, 15 Pick. 385; and appears to have continued to be the law in Massachusetts until a further regulation of the subject by statute in the revision of the statutes in 1836.

It may, perhaps, be urged that this rule might operate to deter an executor or administrator who has no assets in his hands from prosecuting a just claim in favor of an estate, and therefore that the interests of estates would suffer. To this it may be answered that the rule would not be likely to so operate unless it was doubtful whether the claim could be maintained. In such case, if a creditor or the next of kin desired the claim prosecuted, the executor or administrator might properly require indemnity against costs; and in case of a failure to sustain the claim, obvious justice requires, as was said in the Pennsylvania case of *Muntorf* v. *Muntorf* cited, that a defendant who is compelled to defend against an unfounded claim should be reimbursed to the extent, at least, of his taxable costs, for the expenses he has incurred, and which he would otherwise be without the means of recovering.

For the reasons stated in *Hardy* v. *Call*, we are of the opinion that judgment for costs against an administrator who has failed to maintain his suit should be entered against him personally.

*Petition granted.*

*Henry J. Dubois*, for petitioners.
*George E. Webster, pro se ipso.*