# CHARLESTON

## Marcus & Son v. McClure.

Submitted September 9, 1907.   Decided December 17, 1907.

1. NONSUIT—*Judgment—Failure to Prosecute.*
   If a defendant appear and file his plea, concluding with a verification, and the plaintiff does not appear to reply to it, or do what is necessary to bring the cause to issue, there is properly judgment against him *non prosequitur.*   (p. 216.)

2. SAME—*What Constitutes.*
   Such judgment is a nonsuit, within the comprehensive meaning of that term as understood and applied in the Virginias.   (p. 217.)

3, WRIT OF ERROR—*Judgment of Nonsuit.*
   A nonsuit is not a final judgment, as regards appealability, and no writ of error lies to it.   (p. 217.)

Error to Circuit Court, Pendleton County.

Action by Henry Marcus & Son against John McClure. Judgment for defendant, and plaintiff brings error.

*Dismissed.*

PRICE, SMITH, SPILLMAN & CLAY,  for plaintiff in error.
H. M. CALHOUN, for defendant in error.

ROBINSON, JUDGE:

This action of *assumpsit* for the recovery of $294.64 arises from the following transaction:   The plaintiffs were wool buyers, and, through the agency of another, purchased all the wool which defendant had, at the price of 26 cents per pound; and it being estimated that the same would amount to about $1,000.00 the agent made his draft on plaintiffs, his principals, for said sum, in favor of defendant, and the same was duly honored.   Afterwards, when the wool was weighed, the value thereof amounted to only $750.36, leaving in defendant's hands the said sum demanded.

A special plea was tendered by defendant, to the effect that the action should not be maintained because the plaintiffs, before the institution thereof, had sued said agent for the sum of $6,173.67, and obtained judgment therefor, which

included among other items, the very sum herein sued for, and alleging that such judgment against the agent is a merger therein of any action which plaintiffs had against defendant.

There was objection to the filing of this plea, and exception to the action of the court in permitting it to be filed, and then demurrer to the plea, which was overruled and exception reserved. Thereupon, plaintiffs "declining further to prosecute said action" it was considered that the cause "be dismissed with recovery of costs on behalf of defendant." No objection to this judgment was made.

This writ of error is prosecuted to the action of the court in permitting said special plea to be filed, in overruling the demurrer thereto, and in rendering judgment for defendant.

It is noted, however, that this case never progressed to issue. The defendant's plea; concluding with a verification, being pronounced good, the plaintiffs declined to join issue thereon, and the suit was dismissed because of their failure further to prosecute. Can they complain by this writ of error? Is there a final judgment against them—an appealable one?

In *Buena Vista Freestone Co.* v. *Parrish*, 34 W. Va., 652, it is said: "According to the practice in courts of record at common law, if the defendant appear and file his plea, and the plaintiff does not appear to reply to it, or do what is necessary to bring the cause to issue, there is judgment against him by *non prosequitur.*" Further therein it is said: " Such judgment is not regarded as one on the merits, but only as a nonsuit, and, while final in the particular case, not conclusive upon the matter of action." And so is such judgment treated in 4 Minor, 3rd Ed. 958; and *Pinner* v. *Edwards*, 6 Rand. 675. And in *Henry* v. *Ohio River R. R. Co.*, 40 W. Va. 234, it is held: "There cannot be an issue, where there is a plea of new matter, concluding with a verification, without a replication;" and it is there stated: "A suit may not reach an issue. It may be cut short by failure of one of the parties to pursue his litigation. As to the defendant, if he appears and fails to demur or plead to the declaration, or if, after plea, he fails to maintain the

course of pleading, required of him by the law of
pleading, judgment called judgment by *nil dicit* (he says
nothing) is given against him. This would be a judgment
*quod recuperet*, both final in the cause and conclusive in a
second suit. On the other hand judgment may be given
against the plaintiff for not declaring, replying, surre-
joining, or surrebutting, and this is called judgment by *non
pros.* (*non prosequitur*—he does not prosecute). This judgment
of *non pros.* is a species of nonsuit, and does not bar an-
other suit." Blackstone says: "Therefore, in the course
of pleading, if either party neglect to put in his declara-
tion, plea, replication, rejoinder and the like, within the
time allotted by the standing rules of the court, the plain-
tiff, if the omission be his, is said to be nonsuit, or not to
follow and pursue his complaint, and shall lose the benefit
of his writ; or, if the negligence be on the side of de-
fendant, judgment may be had against him for such default."
3 Comm. 316.

The petition for this writ of error, and the brief of
counsel for plaintiffs in error, say that the plaintiffs not
being able to dispute the facts set up in said special plea,
did not prosecute their action further. Just so: "The
nonsuit is resorted to in our practice when the plaintiff
finds himself unprepared with evidence to maintain his cause,
either in consequence of his being ruled into trial when
he is not ready or for any other reason." 4 Minor, *supra.*

From the foregoing we observe that the judgment of
which plaintiffs complain is in fact a nonsuit. The plaintiffs
simply lost the benefit of their writ. Where there is no
issue joined there can be no judgment on the merits. It
seems an application of the poetical adage: "The man
who fights and runs away, will live to fight another day."
But most surely his confessed timidity, for whatever cause,
precludes him from entering again, in any arena, the battle
that he has voluntarily deserted. He may begin a new fight,
and carry it boldly to the end; but he cannot be now in, then
out, and in the end complain of the advantage accorded his
adversary by his voluntary desertion of the field, or his failure
to strike.

There having been, as we have seen, no adjudication
on the merits, and the plaintiffs not being deprived of

their cause of action, of what have they to complain, especially since the determination by a nonsuit was caused wholly by them, and without protest on their part? What error has been committed to their prejudice, by the suit taking the course it did by reason of their own inaction in pursuing the litigation according to the rules of law? Can suitors cause or direct a certain determination of a case and then have remedy by writ of error against their own act? The proceedings in the record are entirely consistent with the proper course to be pursued in such a case, as we see by authorities above quoted, and it cannot be said that there was error in the action of the court in the premises. No writ of error lies, for as held in *Thornton, Exor. &c.* v. *Jett*, 1 Wash. 138: "If the court direct the plaintiff to be nonsuited, and he submit to it, (which he is not bound to do,) he deserts his cause, and cannot by an exception avail himself of any legal objection to the opinion of the court." The judgment is not final in the sense of finality that operates as a base for writ of error. "A nonsuit is not a final judgment but the opposite." *Mallory* v. *Taylor*, 90 Va. 348. And in the case last cited a writ of error to a judgment of nonsuit was dismissed as improvidently awarded, as must be done with the one now before us. It will be so ordered.

*Dismissed.*