LAKIN v. SUTTON.

(Supreme Court, Appellate Division, Third Department. May 5, 1909.)

1. EXECUTORS AND ADMINISTRATORS (§ 456*)—ACTION BY ADMINISTRATRIX—COSTS.

Where the cause of action sued on by an administratrix accrued after the death of plaintiff's intestate, and might have been brought in plaintiff's individual name, she was, on being defeated, liable for costs individually.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1951, 1953, 1954, 1959, 1962; Dec. Dig. § 456.*]

2. EXECUTORS AND ADMINISTRATORS (§ 456*)—ACTION BY ADMINISTRATRIX—COSTS.

Where plaintiff, suing as administratrix, was liable individually for costs, an order declaring her liability, though proper, was not necessary.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 456.*]

3. APPEAL AND ERROR (§ 151*)—PARTY AGGRIEVED.

An order declaring one suing as administratrix liable individually for costs of an action, though unnecessary, did not render plaintiff a party aggrieved; she being clearly liable in the absence of the order.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 947–952; Dec. Dig. § 151.*]

Appeal from Delaware County Court.

Action by Mary Sutton Lakin, as administratrix, etc., against Agnes P. Sutton. From an order directing that the costs be taxed in favor of defendant, and against plaintiff individually, plaintiff appeals. Appeal dismissed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, and COCHRANE, JJ.

———————

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

A. G. Patterson, for appellant.
E. E. Conlon, for respondent.

CHESTER, J. The plaintiff, in an action brought by her as administratrix of the estate of her mother, recovered a judgment against the defendant, her stepmother, on a trial in the justice's court. On the appeal from that judgment to the County Court, the judgment was reversed, with costs to the defendant. The plaintiff thereupon appealed to this court, where the judgment of the County Court was affirmed, with costs. A motion was then made by the defendant in the County Court for leave to tax her costs in the action against the plaintiff individually, and from the order granting that motion the plaintiff has taken this appeal.

The cause of action sued upon was one accruing after the death of the plaintiff's intestate, and was one which might have been brought in her individual name, and need not have been prosecuted by her in her representative capacity. She, having been defeated in the action, was under the authorities individually liable for the costs, notwithstanding she sued in a representative capacity. Buckland v. Gallup, 105 N. Y. 453, 11 N. E. 843. Indeed, in such a case it was not necessary, although it was proper, to procure an order declaring her liability. Mullen v. Guinn, 88 Hun, 128, 34 N. Y. Supp. 625. The order which was made was simply declaratory of the law, as it was well settled and existed upon the subject, and, even though the order was unnecessary, it does not render the plaintiff a party aggrieved, for she was clearly liable for the costs in the absence of the order.

For this reason, her appeal should be dismissed, with $10 costs and disbursements. All concur.