**In re BUTLER.**

District Court, W. D. Virginia, at Charlottesville.

Sept. 15, 1937.

Leake & Spicer, of Richmond, Va., for Chesapeake & O. Ry. Co.

Homer Richey and John S. Graves, both of Charlottesville, Va., for certain creditors.

Clàude R. Yardley, of Charlottesville, Va., for trustee in bankruptcy.

PAUL, District Judge.

The question here involved is as to the effect of a judgment which the Chesapeake & Ohio Railway Company, alleging itself to be a creditor of Annie L. Butler, the bankrupt, has undertaken to prove against the bankrupt in this proceeding.

In July, 1932, a suit was instituted against the Chesapeake & Ohio Railway Company for damages growing out of the death of Preston J. Butler, the husband of Annie L. Butler. The suit was brought in the circuit court of Albemarle county under the Federal Employers' Liability Act,

45 U.S.C.A. § 51 et seq., and the plaintiff in the suit was Annie L. Butler, administratrix of the estate of Preston J. Butler. In this action, a judgment was recovered by the plaintiff, which was reversed by the Supreme Court of Appeals of Virginia (Chesapeake & Ohio R. Co. v. Butler, 163 Va. 626, 177 S.E. 195); and the case was terminated with judgment in favor of the defendant company and an award of costs against the plaintiff. The final order adjudges that "* * * the plaintiff in error recover of the defendant in error its costs by it expended. * * *" Judgment was accordingly entered against "Annie L. Butler, Administratrix of Preston J. Butler, deceased." The judgment was duly docketed.

Annie L. Butler has gone into bankruptcy and the Chesapeake & Ohio Railway Company undertook to prove this judgment for costs as a debt against the estate of Annie L. Butler. The trustee in bankruptcy, as well as other creditors, objected to the allowance of the claim on the ground that the judgment did not bind Annie L. Butler personally and could not be proven or allowed against her estate. The referee upheld this contention and refused to allow the claim either as a secured or unsecured debt against the estate of Annie L. Butler.

The Federal Employers' Liability Act provides a right of action for injury to railroad employees engaged in interstate commerce and also, in case of death of such employee, a right of action to be brought by the personal representative for the benefit of surviving kindred of such employee. So far as the right of action for death is concerned it is substantially the same, in its essential nature, as that given by various state statutes for what is ordinarily referred to as "death by wrongful act," and all of which are based on the English statute familiarly known as Lord Campbell's Act.

It is well settled that the right of action granted for the death is not a survival of the right of action in the decedent for the injuries received and is not for the benefit of the decedent's estate. A new and original right of action is created for the benefit of such surviving dependents or kindred of the deceased as the statute may designate. See Anderson v. Hygeia Hotel· Co., 92 Va. 687, 24 S.E. 269, 271; Richmond, F. & P. R. Co. v. Martin's Adm'r, 102 Va. 201, 45 S.E. 894; Brammer's Adm'r v. N. & W., 107 Va. 206, 57 S.E. 593. As said of the Virginia statute in Anderson v. Hygeia Hotel Co. supra: "The act requires the suit to be brought by and in the name of the personal representative, but he by no means sues in his general right as personal representative. He sues wholly by virtue of the statute, and in respect of a different right. * * * He sues, not for the benefit of the estate, but primarily and substantially as trustee for certain particular kindred of the deceased, who are designated in the statute."

The interpretation of the federal act is to the same effect. See Michigan Cent. R. R. v. Vreeland, 227 U.S. 59, 33 S. Ct. 192, 57 L.Ed. 417, Ann.Cas.1914C, 176; St. Louis, etc. Ry. v. Hesterly, 228 U.S. 702, 33 S.Ct. 703, 57 L.Ed. 1031; North Carolina R. R. Co. v. Zachary, 232 U.S. 248, 34 S.Ct. 305, 58 L.Ed. 591, Ann.Cas. 1914C, 159. Congress having created the right of action and designated the personal representative as plaintiff, the suit must be in the name of such personal representative. But he sues not by his inherent right as representative of the estate of the decedent, but by virtue of the statutory designation. The recovery is not for the benefit of the estate, but for that of designated kindred of the decedent. Any amount recovered does not become part of the general assets of the estate; it is not subject to the debts of the decedent and not to be distributed under any statute of descents and distributions. Taylor v. Taylor, 232 U.S. 363, 34 S.Ct. 350, 58 L.Ed. 638. If there are no beneficiaries within the classes named in the statute, there can be no recovery.

It is apparently assumed by counsel attacking this judgment that the mere fact that the judgment is against Annie L. Butler, administratrix, necessarily exempts her from personal liability for its payment; that so long as a party to litigation appears in the capacity or under the title of personal representative no personal liability can in any case result from the litigation and that the words executor or administrator are an invariable protection from personal liability.

There is no such sweeping principle as this embodied in the law. On the contrary, the general policy is to hold personal representatives, like other litigants, liable for the costs of unsuccessful litigation conducted by them.

998

■ It was a rule of the common law that personal representatives were not personally liable for the costs of litigation conducted by them on behalf of the estate where the cause of action accrued or arose out of a contract entered into during the decedent's lifetime, except in cases where they knowingly brought a wrong action or were guilty of willful or arbitrary conduct. But where an executor or administrator brought an action on a wrong done in his own time or upon a contract express or implied with himself, and failed in the action, he was liable to the defendant for costs even though he sued as executor or administrator. The underlying reason for the exemption of the personal representative in the first class of cases was that the representative, not being privy to the original transaction, cannot be presumed to have a thorough knowledge of the merits of the case and should not be compelled to pay the costs himself if the action on behalf of the estate was unavailing. The representative was merely carrying out the duty imposed upon him by law to protect the estate. 8 Ency. Pleading and Practice, 728.

This distinction as to the personal liability of an executor or administrator, recognized in the early English law, was generally accepted in this country and is recognized in the decided cases in Virginia as early as the case of Thornton, Executor, v. Jett, 1 Wash. 138.

■ It followed as a general rule that in any action in which a judgment was rendered against a personal representative that the judgment should show whether or not it was to be satisfied out of the estate of the decedent or was a liability upon the property of the personal representative himself, and judgments rendered against executors and administrators commonly included therein language to show whether they were to be satisfied de bonis testatoris or de bonis propriis.

■ Following the trend of the law to hold personal representatives liable, as other litigants, it is now generally accepted, in the absence of specific statutory provision, that a judgment for costs against an executor or administrator is a personal liability upon him, unless the judgment provides otherwise. As a result, it has become increasingly the custom to discard the use of language providing that the judgment is to be satisfied de bonis propriis, it being accepted that personal liability is created without such specific provision. For example, in Lakin v. Sutton, 132 App. Div. 557, 116 N.Y.S. 820, it is held that, where a plaintiff, suing as administratrix, was liable individually for costs, an order declaring this individual liability, although proper, was not necessary.

■ The question of the personal liability of executors and administrators is now in many states controlled by statutory provisions. The general trend of these statutes is in conformity with the common-law principles already stated. It is usually provided that, where a personal representative sues on a cause of action accruing during the lifetime of his decedent, he is not personally liable for costs, except where the court may determine that the action was improvident and vexatious and may adjudge that the costs be paid by the representative personally. But where a representative sues upon a cause of action accruing to himself, he is personally liable for costs. Some of the statutes provide that the representative, as any other litigant, shall be liable for costs and execution for them may issue against him personally with the right on his part to have the amount paid allowed in his administration account if it appear that he acted in good faith and in the interest of the estate. This appears to be the practice followed in Massachusetts by virtue of a statutory provision, but it also appears that the statute is merely confirmatory of the rule that already existed in that state prior to the enactment of the statute. In some states it is provided that in each case the judgment shall specifically direct whether the costs shall be paid by the personal representative de bonis testatoris or de bonis propriis, and this also is but a statutory confirmation of the common-law rule. An annotation of various statutory provisions appears in 14 L.R.A. 696 in a note to the case of Lynch v. Webster, 17 R.I. 513, 23 A. 27, 28, there reported. These statutory provisions in other states are not greatly helpful on the question here before me except to show the general rule that personal representatives are not immune from personal liability for costs but that the inclination of the law is to hold them liable as other litigants.

The case of Lynch v. Webster, above referred to, was decided in a state where there was no statutory provision regulating the payment of costs by personal representatives and the discussion in that

case is based upon the general principles of the law unaffected by statute. I quote in part as follows: "Pub.St.R.I. Chap. 217, § 1, provides that 'in all civil causes at law the party prevailing shall recover costs, except where otherwise specially provided.' There is no provision of statute which exempts an administrator from liability for costs out of his own estate in case he brings a suit which he fails to maintain. The statute does not say from whom the party prevailing shall recover. It is manifest, however, that it is from the party against whom he prevails. It may be argued that, if an executor or administrator be that party, and he is suing in his representative character, the judgment should be against him in that character, or against the estate in his hands. We think, however, that, in the absence of any provision of the statute directing a special judgment or exempting an executor or administrator who has failed to maintain his suit from liability, it is a more natural construction of the statute that the judgment for costs should be against him personally."

The court then cites the Massachusetts case of Hardy v. Call, 16 Mass. 530, in which state a statute provided that "in all actions * * * the party prevailing shall be entitled to his legal costs against the other." St.Mass. Oct. 30, 1784, § 9. In that case, it was held that, when an administrator commences an action and fails to support it, judgment for costs should be entered against him de bonis propriis. The court says in part: "He was the party prosecuting, and is personally responsible to the adverse party by the statute respecting costs. * * * Judgment, therefore, in every case commenced by an executor or administrator, in which the defendant becomes entitled to costs, ought to be entered against such executor or administrator personally. After payment he may charge the amount in his account of administration, to be allowed or not, as it may appear to the judge of probate that the suit was discreet or otherwise."

It should be noted that this decision was prior to the enactment of the Massachusetts statute heretofore referred to and which statute confirms the views expressed in this case.

Neither of the cases just cited discusses the form or language of the judgment or the variance in effect, if any, to be drawn from the form of the judgment, but they are clearly authority for the proposition that a judgment for costs may and should be entered, imposing personal liability on the representative where a statute provides generally for the recovery of costs. In New York it has been repeatedly held that, if a personal representative fails to recover on a cause of action accruing after his decedent's death, he is personally liable for the costs. Worden v. Worthington, 2 Barb. (N.Y.) 368; Bostwick v. Brown, 15 Hun (N.Y.) 308; Christopher v. Starkholm, 5 Wend. (N.Y.) 36. In Merritt v. Seaman, 6 N.Y. 168, the declaration set out that "C. M. executor etc., of J. S. deceased, complains etc.," and it was held that this language was merely descriptio personae and did not exempt the executor from personal liability.

In view of the authorities cited, all of which related to a personal representative who was acting under his general powers in the administration of an estate, there is even stronger reason to hold personally liable an administrator who is acting, not for the benefit of the estate, but for the benefit of named persons in the prosecution of the particular action, and who exercises a freedom of judgment in determining whether the action shall be brought.

While I do not find any Virginia statute dealing comprehensively with the subject of liability for costs in actions brought by or against personal representatives, an examination of the cases and of several statutes dealing with specific phases of the subject leads to the conclusion that the rule in Virginia is in accord with the general principles heretofore stated. That is, that executors and administrators are not personally liable for costs of litigation conducted by them in good faith, as to transactions arising during the lifetime of their decedent, but may be so held liable where they act in an imprudent or ill-advised manner in conducting such litigation; that, in litigation involving matters accruing after the decedent's death or contracts made by the personal representative, the representative is personally liable for costs; that where a judgment against a personal representative is to be paid from the estate of his decedent it is proper that the language of the judgment should so direct, and, unless it does so direct, it will bind the executor or administrator personally.

In 11 R.C.L. § 340, it is laid down as the general rule that the proper form of

a judgment against an administrator in which he is liable only in his representative capacity is to include such words as "to be levied of the goods and chattels of the decedent in his hands to be administered."

There is no question of the right to hold the administrator personally liable for costs in cases of this sort and it seems clear that the judgment entered was intended to and did have that effect. The statute (Va.Code, § 3525) provides: "Except where it is otherwise provided, the party for whom final judgment is given in an action * * * shall recover his costs against the opposite party."

It will be noticed that the judgment entered was in literal compliance with the direction of the statute. The court certainly intended to impose liability upon someone, or something. Indeed it could not have entered a judgment imposing liability upon the estate of the decedent for the estate was not a party to the suit and had no interest in its outcome. Unless it was intended to bind Annie L. Butler personally, it bound no one. I do not presume that the state court did the vain thing of entering a judgment with knowledge that it imposed no liability on anyone or on any fund. There is no statute in Virginia exempting personal representatives from payment of costs in suits instituted by them, and, in the absence of any other source from which the costs could be paid, it must have been intended 'that they be paid by the administrator personally.

It seems clear that the common-law rule still obtains in Virginia, namely, that where it is intended that a judgment should be paid from the estate in the hands of an executor or administrator and should not bind him personally, the judgment should so recite; and that a judgment entered against a person as "executor" or "administrator" only, and with no direction that it be levied upon the estate of the decedent, binds the executor or administrator personally. In Burk's Pleading and Practice (2d Ed.) § 317, this is specifically stated to be the Virginia law: "If the judgment or decree simply adjudges that the plaintiff recover against A. B. executor, administrator, trustee, or the like, it is a personal judgment binding the real estate of A. B. and the added words are simply descriptio personae. If it is intended that a judgment or decree shall be against a defendant in a representative capacity, then the judgment should be that the defendant do, *out of the estate of his intestate, or testator,* as the case may be, if so much he hath, pay the amount."

Inquiry leads me to conclude that the rule stated above is generally followed in this state. Where it is intended that a judgment is to bind the estate and not the representative personally, I find that it is the practice for the order, after awarding judgment against "A. B. administrator of X. Y. deceased," to recite that it is "to be levied of the goods and chattels of said X. Y. in the hands of said administrator to be administered," or equivalent language. I find also that in entering the judgment in the judgment lien docket the same language is used. Whether this practice is universal in the clerks' offices throughout 'the state I am unable to say; but it is, I think, established as the customary and proper form.

Reference may here be made to two other provisions of the Virginia Code which have been cited in the argument of counsel. The first of these is section 3526, which provides: "When a suit is in the name of one person for the benefit of any other, if there be judgment for the defendant's costs, it shall be against such other."

The referee apparently took the view that this statute was applicable and that since the state court did not adjudge costs against Annie L. Butler (personally) as the person for whose benefit the suit was brought, it intended that she should not be personally liable. I do not think this follows. Even if we assume that the statute is applicable here (which I do not decide), it must be pointed out that its provisions are mandatory as to judgment against the beneficial plaintiff. I cannot assume that the court ignored the directions of the statute. It is more logical to assume that the court considered that the judgment as entered did bind the administratrix personally, as, under the Virginia law, it clearly did.

The other statute is section 5407 of the Code upon which counsel opposing the allowance of the claim so strongly rely. If I interpret this statute correctly, there is nothing in it justifying the contentions for which it is advanced. The statute refers only to judgments *in suits against a personal representative on a debt owing by the representative's decedent.* It provides that the court, without taking

account of the transactions of the representative, may enter the judgment to be paid out of the estate of the decedent. But where the court is of opinion that had the executor or administrator prudently discharged his duty (meaning presumably that he should have paid the debt and not allowed suit to be brought) and enters this of record, then so much of the judgment as is for costs shall be paid by the representative personally.

This statute does not alter the general rule that, where a judgment against a personal representative should be paid and is intended to be paid from the assets of his decedent's estate, the judgment should so recite. The statute merely authorizes the court, in a suit against the administrator on a debt due from his decedent, to enter such a judgment, without an account of the transactions of the representative. Such a judgment would ordinarily carry costs with it. To prevent an estate from being depleted by having to bear the costs of litigation against it made necessary by the stubborn and imprudent attitude of the personal representative, the court, even where it enters a judgment to be paid out of the estate, may make the representative personally liable for the costs. This, as I read it, is the only effect and purpose of the statute.

The rule in Virginia as to the effect of a judgment against "A. B., administrator of X. Y. dec." prevails in other jurisdictions where the common-law rule has not been changed by statute. In Keniston v. Little, 30 N.H. 318, 64 Am.Dec. 297, the judgment was against "Benjamin C. Keniston, administrator of the estate of James M. Knowlton, dec." and was so recited in the execution. The court, after citing the authorities, says: "We, therefore, regard this execution as running against the plaintiff, in his individual character, and his own goods and estate were liable to be levied upon under it." The court points out the form in which a judgment de bonis testatoris should be rendered and says that the execution should recite the judgment as "to be levied of the goods, etc., of the deceased."

In Wright v. Scott, 145 Ga. 514, 89 S. E. 426, where there was an execution against "Q. D. Gray, administrator estate of A. J. Paulnot, dec." upon a judgment rendered in the same form, it was held that the execution and the judgment were against Q. D. Gray personally. In Rowell v. Hyatt, 108 S.C. 300, 94 S.E. 113, the court cites authorities pointing out the form of a judgment and execution against an administrator necessary to bind the decedent's estate and says that an execution against "Jeremiah Rowell, administrator with the will annexed of William Rowell" is against Jeremiah Rowell, individually, and that the words "administrator," etc., are merely descriptio personae.

In Christian v. Atlantic, etc., R. R., 136 N.C. 321, 48 S.E. 743, 744, 68 L.R.A. 418, 1 Ann.Cas. 803, there is an expression of the court declaring the plaintiff to be personally liable for costs in an action for wrongful death. The question in the case was as to the right of an administrator in such a suit to sue in *forma pauperis* under a statute which permitted "any person" to do so upon proper showing. The court held that this language was sufficiently broad to cover such an administrator and, after explaining the nature of the action, says: "the cause of action accrued to the plaintiff alone. No one else could bring the action. * * * It never accrued to the intestate. Though the recovery must be distributed, as provided by the Code, * * * it will not be assets of the estate, and the plaintiff sues in his own right, and not in autre droit. *Therefore he is individually liable for costs* * * * unless excused by leave to sue as a pauper." (Italics supplied.)

My conclusion, therefore, is that the judgment here in question imposed a personal liability upon Annie L. Butler, with the legal consequences which accrued from such a judgment. The order entered by the referee disallowing the claim will have to be reversed.