### In re McHUGH.

No. 69118.

District Court, D. Massachusetts.

Dec. 16, 1947.

James F. Flaherty, of Boston, Mass., for Bankrupt, Martin McHugh.

J. Edward Keefe, Jr., Thomas C. O'Brien and John S. Stone, all of Boston, Mass., for Agnes McHugh, Administratrix of Estate of John J. McHugh.

David S. Kunian, of Boston, Mass., for trustee in bankruptcy.

SWEENEY, District Judge.

The administratrix of the estate of John J. McHugh brings this action to review an order entered by the Referee in Bankruptcy on April 22, 1946, directing her to turn over the sum of $1,875 to the trustee of Martin McHugh, bankrupt.

Within six months of the bankrupt's adjudication, his son, John J. McHugh, was killed in a railroad accident while working as an employee of the railroad. Thereafter, his mother, Agnes McHugh, was appointed administratrix of his estate. She procured a settlement from the railroad in the amount of $5,000 and, after

payment of counsel fees, there remained $3,750 available for distribution to the decedent's mother and his father, the bankrupt, who were the beneficiaries under the Federal Employers' Liability Act, 45 U.S.C.A., § 51, et seq.

The Referee based his order on Section 70, sub. a (8) of the Bankruptcy Act, 11 U.S.C.A., § 110, sub. a (8) which provides in part: " * * * All property which vests in the bankrupt within six months after bankruptcy by bequest, devise, or inheritance shall vest in the trustee and his successor and successors, if any, upon his or their appointment and qualification, as of the date when it vested in the bankrupt, * * *." The Referee's Certificate on Review does not specify upon which part of Section 70 he relied, but the clause quoted above is the only one applicable to the facts here, and the question has been so argued by counsel for the Administratrix and for the trustee.

We are now faced with the question whether property acquired by virtue of the Federal Employers' Liability Act within six months of the filing of a petition in bankruptcy constitutes a bequest, devise or inheritance within the meaning of Section 70 so that it vests in the bankrupt's trustee.

■ The terms "bequest" and "devise" refer to the acquisition of property by will and clearly are not applicable here. Inheritance is a word of broader significance. Any means by which a relation succeeds to the property of an ancestor may properly be termed an inheritance. It includes all the methods by which a child or relation takes property from another at his death, except by devise, and includes as well succession as descent. Cf. 1 Bouv. Law Dict., Rawle's Third Revision, page 1568.

■ Section 1 of the Federal Employers' Liability Act creates a right of action for wrongful death in the decedent's personal representative authorizing him to sue for the benefit of certain named classes set out in the statute. It is a new and original cause of action and not a survival of any right the decedent had. "The recovery is not for the benefit of the estate, but for that of designated kindred of the decedent. Any amount recovered does not become part of the general assets of the estate; it is not subject to the debts of the decedent and not to be distributed under any statute of descents and distributions." In re Butler, D. C., 20 F.Supp. 995, 997. The personal representative occupies the position of a statutory trustee for the benefit of the beneficiaries entitled to the proceeds under the Act. Lindgren v. United States, 281 U.S. 38, at page 41, 50 S.Ct. 207, at page 209, 74 L.Ed. 686.

■ The broadest definition of "inheritance" as a succession to property of an ancestor cannot include a recovery under this statute. The bankrupt's share of the proceeds from the settlement of the claim for wrongful death is based on the pecuniary loss he suffered, and comes directly from the administratrix who alone has the right to prosecute the claim and not from the estate of the decedent.

I therefore conclude and rule that the $1,875 did not constitute a bequest, devise, or inheritance under Section 70 of the Bankruptcy Act.

The Referee's order is set aside.